LIBERTY MUTUAL INSURANCE COMPANY, Appellant (Defendant Below),

v.

Virginia MATUGA and Nikki Angel, Appellees (Plaintiffs Below),

and

Robert Lannon (Defendant Below).

No. 3–284A48.

Court of Appeals of Indiana, Third District.

Dec. 13, 1984.

Frank J. Galvin, Jr., Galvin, Stalmack & Kirschner, Hammond, for appellant.

J. Douglas Angel, Katz, Brenman & Angel, Merrillville, for appellees Virginia Matuga and Nikki Angel.

STATON, Presiding Judge.

Liberty Mutual Insurance Company (Liberty) appeals from a grant of summary judgment in favor of Virginia Matuga and Nikki Angel (Matuga). Liberty Mutual contends the trial court erred in granting summary judgment.

Reversed.

The facts pertinent to our disposition of this case follow: Matuga filed a claim against Liberty on a policy for uninsured motorist coverage. Matuga also filed a request for admissions pursuant to Ind. Rules of Procedure, Trial Rule 26(A), and the trial court ordered they be served on Liberty along with copies of the complaint and summons. Liberty's response to the request for admissions, served on Matuga with its answer, was one day late. Matuga filed a motion for summary judgment and a motion to strike or deny Liberty's responses. Liberty responded to these motions and, in addition, moved to withdraw and amend its responses to Matuga's request for admissions pursuant to TR. 36(B). The trial court granted the motion for summary judgment finding specifically that Matuga's request for admissions was deemed admitted under TR. 36(A) because they were late, thus denying Liberty's motion to withdraw and amend its responses.

Liberty argues that, as it had a motion to withdraw and amend before the trial court, the appropriate standard for review of Matuga's summary judgment motion was TR. 36(B). We agree.

TR. 36(B) provides for the withdrawal and amendment of admissions if withdrawal and amendment will subserve the merits of the case and if the party obtaining the admissions cannot show the court that withdrawal and amendment would prejudice him in maintaining his action on the merits. The federal courts, under the Federal Rules of Civil Procedure, Rule 36, have held this to be the standard for reviewing a summary judgment based on late responses to requests for admissions. *Teleprompter of Erie, Inc. v. City of Erie*, 567 F.Supp. 1277, 1287 (W.D.Pa.1983). This standard also applies in Indiana. *Hanchar Ind. Waste v. Wayne Reclamation* (1981), Ind.App., 418 N.E.2d 268, 270, 272 (Staton, J., concurring in part, dissenting in part on other grounds).

When reviewing a grant of summary judgment the Court of Appeals stands in the shoes of the trial court. *Indiana Ins. Co. v. Ivetich* (1983), Ind.App., 445 N.E.2d 110, 111. Matuga has demonstrated no prejudice, nor can we find any. Liberty served its responses to Matuga's request for admissions one day late. Liberty made its motion to withdraw and amend only a month after the responses were served and less than a month after Matuga made her motion to strike or deny. Matuga has also made no further attempts to prosecute her case or to attempt discovery.

Reversal of the trial court's grant of summary judgment would also subserve the merits of this case. There remain disputes over the terms of the coverage and the amount of damages. In addition, Liberty had pending at the time of summary judgment an Application for an Order of Arbitration pursuant to IC 1982, 34–4–2–1 *et seq.* (Burns Code Ed., Supp.). Therefore, we reverse the trial court's grant of summary judgment and the denial of Liberty's motion to withdraw and amend, and remand for further proceedings.

Reversed.

GARRARD and HOFFMAN, JJ., concur.