**Gerald STEWART, Appellant (Defendant Below),**

v.

**Jeff STEWART, Appellee (Plaintiff Below).**

No. 64A03–8604–CV–109.

Court of Appeals of Indiana, Third District.

April 30, 1987.

Mark A. Lienhoop, Gene M. Jones, Newby, Lewis, Kaminski & Jones, LaPorte, for appellant.

Nasrin Farahmand, Law Offices of George Livarchik, Chesterton, for appellee.

STATON, Judge.

Brothers Jeff and Gerald Stewart have each taken interlocutory appeals from rulings by the trial court in Jeff's negligence action resulting from his fall in Gerald's home. We address two issues:

(1) Did the trial court abuse its discretion by denying Jeff's motion to withdraw his admission that he was a licensee at the time of his fall?

(2) Is mere negligence toward a licensee sufficient to impose premises liability on a landowner?

We affirm in part and reverse in part.

Jeff's complaint alleged that Gerald negligently left an electric cord near the kitchen leading to the basement stairway. Jeff was injured when he apparently tripped while walking up the stairway.

Jeff's amended complaint alleged he was a licensee when he fell. In response to Gerald's request, Jeff also admitted he was a licensee on Gerald's property.

Based on Jeff's admission, Gerald filed a Motion for Summary Judgment. Gerald argued that Jeff's complaint alleged mere negligence, and mere negligence by a landowner toward a licensee is insufficient, as a matter of law, to establish liability. The court denied the motion, and Gerald took an interlocutory appeal.

While the appeal was pending, Jeff moved to withdraw his admission. The trial court declined to rule on the motion because the case was in the appellate court. Jeff then filed, in this court, a motion to remand to the trial court for a hearing on the motion to withdraw his admission. We granted the motion. The trial court, after the hearing, denied Jeff's motion, from which Jeff now appeals. Thus, each party is an appellant and an appellee under the same cause number in this court. We consolidate the appeals.

## I.

### Withdrawal of Admission

Indiana Rules of Trial Procedure, T.R. 36(B) governs the withdrawal of an admission. The rule provides, in relevant part, as follows:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

The rule provides a two-part test for determining when a party may withdraw an admission:

(1) When the presentation of the merits of the action will be subserved thereby, and

(2) When the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

T.R. 36(B).

While T.R. 36(B) sets forth the test for withdrawal of an admission, no Indiana case directly on point has declared what standard an appellate court should apply when reviewing a trial court's application of the test.[1] However, a request for

---

1. Jeff refers us to *Liberty Mut. Ins. Co. v. Matuga* (1984), Ind.App., 471 N.E.2d 737, in which we held that the trial court erred in denying Liberty's motion to withdraw its admission. In *Liberty*, the insurer filed its response to the insured's request for admissions one day late. The matters were deemed admitted by operation of law under T.R. 36(A). The insurer moved to withdraw the admissions, and the court denied the motion.

On appeal, we discussed the two-part test of T.R. 36(B). We concluded that withdrawal would subserve the presentation of the merits for two reasons. First, disputes existed over the terms of the coverage and the amount of damages. 471 N.E.2d at 738. No similar disputes exist in the present case. Second, the insurer had an

admission is a method of discovery. T.R. 26(A). Rulings by a trial court pertaining to discovery are generally reviewable for an abuse of discretion; we may reverse only when the trial court reaches a conclusion against logic and the natural inferences to be drawn from the facts and circumstances before the court. *Kaufmann v. Credithrift Financial, Inc.* (1984), Ind. App., 465 N.E.2d 207, 210. Given this standard, and considering the test provided by T.R. 36(B), we adopt the following standard of review suggested by Gerald: we will reverse the trial court's denial of the motion to withdraw an admission only if the trial court abused its discretion in deciding either of the following two questions: (1) whether the presentation of the merits would be subserved by withdrawal of the admission, or (2) whether the party who obtained the admission will be prejudiced in maintaining his action or defense on the merits. Because T.R. 36(B) links the two part test with the conjunctive "and", the rule requires that both parts of the test be satisfied before withdrawal is proper. Here, we need address only the first part, the "subserve the presentation of the merits" element.

■ Jeff argues that "the test contained in 36(b) allows the suppression of truth [Jeff equates the denial of his motion to withdraw his admission with the suppression of truth] only if such suppression does not substantially and materially reduce the ability of the movant to recover." Jeff misreads T.R. 36(B). The test is not whether withdrawal of the admission will enhance the movant's likelihood of recovery, but rather whether it will subserve the presentation of the merits. If the test

were as Jeff states it, the trial court would be required to routinely grant requests to withdraw admissions, for a party would presumably never move to withdraw an admission unless it enhanced his likelihood of recovery.

Jeff also asserts that if he is not allowed to withdraw his admission that he was a licensee, he will be "deprived of his day in court," and of the opportunity to present his case on the merits. Perhaps Jeff fails to recognize that a summary decision that his case has no merit *is* a decision on the merits. Too, he fails to persuade us that withdrawal of his admission will subserve the presentation of the merits. Therefore, the first element of the test set forth in T.R. 36(B) has not been satisfied, and the trial court did not abuse its discretion in denying Jeff's motion to withdraw the admission that he was a licensee.

## II.

### *Summary Judgment*

Gerald appeals the trial court's denial of his motion for summary judgment.

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. T.R. 56(C). However, when the facts are undisputed and support only one conclusion, summary judgment may be entered. *Hundt v. LaCrosse Grain Co.* (1983), Ind., 446 N.E.2d 327, *reh. denied*. To determine whether the trial court erred in denying Gerald's motion for summary judgment, we must determine what duty was owed by Gerald to Jeff, and whether the complaint and the facts before the court were sufficient to allege a breach

application for an order of arbitration pending at the time it moved for withdrawal of its admission. The application for an order of arbitration could have had an important impact on the manner in which the merits of the case were presented. No such possibility exists here.

The *Liberty* court also found that the insured had shown no prejudice from the filing which occurred one day late. Thus, the two-part test of T.R. 36(B) had been met, and we reversed the trial court's denial of Liberty's request to withdraw its admissions. While we come to the opposite conclusion in the present case, our analysis is consistent with that in *Liberty*.

And, in *Hanchar Ind. Waste v. Wayne Reclamation* (1981), Ind.App., 418 N.E.2d 268, the defendant attempted, under the "excusable neglect" provisions of T.R. 6(B)(2), to file late responses to the plaintiff's request for admissions. The majority held that the two-part test of T.R. 36(B) applied, rather than the excusable neglect provisions of T.R. 6(B)(2), and remanded the case for application of the two-part test. However, neither the opinion in *Liberty* nor the majority opinion in *Hanchar* directly discusses the appropriate standard by which to review the trial court's application of the two-part test in T.R. 36(B).

of the duty. E.g., *Koop v. Bailey* (1986), Ind.App., 502 N.E.2d 116, 117.

■ The status of the person on the land determines the duty owed by the landowner to him. *Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142, 1145. A person entering upon the land of another comes onto the land either as an invitee, a licensee, or a trespasser. *Id.*

■ In the present case, Jeff was a licensee on Gerald's land. A landowner owes a licensee only the duty of refraining from willfully or wantonly injuring him. *Koop, supra; Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1314, *reh. denied.* Jeff attacks the requirement that the landowner's act be willful or wanton, arguing that *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876, would impose liability even absent willful or wanton conduct by the landowner. We read *Doctor* differently.

In *Doctor,* Maria Doctor attended a birthday party held at her mother-in-law's house. Maria fell while carrying a platter of food down the basement stairs and received injuries from which she later died. The court in *Doctor* reviewed the history of landowner liability, and synthesized from it the following three tests of liability to a licensee:

(1) The "positive wrongful act" test (from *Woodruff, Admin. v. Bowen* (1893), 136 Ind. 431, 34 N.E. 1113);

(2) The "willful and wanton" test (from *Lingenfelter v. Baltimore R. Co.* (1900), 154 Ind. 49, 55 N.E. 1021); and

(3) The "entrapment-affirmative control of the instrument" test (from *Pier v. Schultz* (1962), 243 Ind. 200, 182 N.E.2d 255).

*Doctor,* 272 N.E.2d at 882. However, the court stated that *"[a]ll three of these tests have a common element of willfulness on the part of the owner toward the social guest." Id.* (Emphasis added.) The court affirmed summary judgment in favor of the defendant. *Doctor,* 272 N.E.2d at 883.

This analysis was recently reaffirmed in *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310. In *Gaboury,* the plaintiff was attempting to turn his motorcycle around in a church parking lot when he struck a cable. The court observed: "there is no showing nor even an allegation that [erecting the cable] was done by the church with any willful or wanton intent to harm this plaintiff or anyone else." 446 N.E.2d at 1315. The court affirmed summary judgment in favor of the church. *Id.*

■ Given the Indiana Supreme Court's consistent adherence to the willful and wanton misconduct requirement in an action by an injured licensee against a landowner, Jeff's argument must fail. His complaint discloses no allegation that Gerald positioned the cord with any willful or wanton intent to injure him or anyone else. Nor is there any such inference available from the undisputed facts. Therefore, Gerald is entitled to summary judgment as a matter of law.

The trial court's denial of Jeff's motion to withdraw his admission is affirmed. The court's denial of Gerald's motion for summary judgment is reversed, with instructions to enter summary judgment in favor of Gerald.

GARRARD, P.J., and HOFFMAN, J., concur.