Marvin E. SNELL and Roger D. Snell, Appellants–Defendants Below,

v.

Marie SNELL, Administrator of the Estate of Jimmy J. Snell, deceased, Appellee–Plaintiff Below.

No. 39A04–9105–CV–139[1].

Court of Appeals of Indiana, Third District.

Nov. 27, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

Richard R. Skiles and J. Richard Campbell, Skiles Campbell & Reed, Indianapolis, for appellants-defendants.

Robert L. Barlow, Cooper, Cox, Barlow & Leininger, Madison, for appellee-plaintiff.

STATON, Judge.

Marvin E. Snell and Roger D. Snell appeal from a judgment for the estate of Jimmy J. Snell in a wrongful death action, raising the sole issue of whether the trial court abused its discretion in refusing to permit them to withdraw admissions which were made by operation of law.

We affirm.

Jimmy J. Snell ("Jimmy") was killed while working on a dump truck owned by Marvin E. and Roger D. Snell ("Marvin and Roger"). Jimmy was working under the raised bed of the dump truck when it descended on him, causing his death.

Jimmy's estate ("the Estate") filed a wrongful death action against Marvin and Roger. During discovery, the Estate filed a number of requests for admissions with Marvin and Roger. These were transmitted to the office of Marvin and Roger's attorney, where they were apparently misplaced.[2] The day before trial, counsel for the estate apparently indicated to opposing counsel that he would be using the admissions as evidence at trial. On the day of trial, Marvin and Roger moved to withdraw a number of the admissions, which had been deemed admitted by operation of the trial rules. The trial court denied the motion to withdraw and the admissions were used as substantive evidence at trial. The jury returned a verdict in favor of the Estate in the amount of $380,000.

Indiana Rules of Procedure, Trial Rule 36 permits a litigant to serve upon the opposing party a written request for admission of the truth of matters relevant to the litigation. While the opposing party may respond, the requests are deemed admitted if no response is received within the time period designated in the request, normally thirty (30) days. Subsection (B) of the rule permits the opposing party to file a motion to withdraw his admissions. The trial court may grant this motion if it finds that presentation of the merits of the action will be subserved thereby and the party who obtained the admission does not satisfy the court that withdrawal of the admissions will prejudice him in maintaining his action on the merits.

We will reverse the denial of a motion to withdraw admissions only upon a showing

---

**2.** A different attorney was retained by Marvin   and Roger for purposes of this appeal.

of abuse of discretion. *Stewart v. Stewart* (1987), Ind.App., 506 N.E.2d 1132, 1134. A trial court has abused its discretion if it reaches a conclusion against the logic and the natural inferences to be drawn from the facts and circumstances before the court. *Id.* In addition, the trial court's discretion to grant a motion to withdraw is limited by the rule itself:

> The court cannot grant such motion unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. Even if both of these conditions are satisfied, the rule does not compel the trial court to grant withdrawal or amendment. Rather, the rule states that the court "may" then grant such request.

*GMC v. Aetna Cas. & Sur. Co.* (1991), Ind., 573 N.E.2d 885, 889.

In *GMC*, our supreme court addressed a number of the contentions raised in this case. The court held that it was not improper to request admissions posed in the form of legal conclusions. The court also found under the circumstances of that case, where the defendant should have been aware of the requests for admissions and yet took no action until three months after the requests were deemed admitted and two months prior to trial, the trial court did not abuse its discretion in denying the motion to withdraw admissions. The defendant in *GMC* made no claim of inad-

vertence and no showing that the issues were intended to be actively contested. *Id.* at 889.

Here, the trial court did not err in denying the motion to withdraw the admissions because it properly found that withdrawal of the admissions would result in prejudice to the Estate. The Estate obtained the admissions and indicated its intent to use them at trial. It was not until the day of trial that Marvin and Roger moved to withdraw the admissions. To grant the motion to withdraw in such a situation would frustrate the purpose of the rule:

> Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.

*GMC, supra, quoting* Advisory Committee Notes to Federal Rule of Civil Procedure 36, 48 F.R.D. at 534. The Estate would be forced to elect between proceeding to trial without having prepared to prove the matters admitted, or requesting a continuance and incurring the cost of preparing to prove those matters. The trial court properly chose not to force such an election upon the Estate.

■ Marvin and Roger's argument that the requested admissions were improper because they went to "core issues" is similarly unavailing. The questioned admissions here are similar in form to those in *GMC, supra*, which were found to be permissible despite being legal conclusions.[3]

---

3. The questioned admissions are:

"11. That defendants neither corrected said condition of the bed of the dump truck being raised without being blocked, chocked, or otherwise secured to prevent it from being lowered, nor warned Jimmy J. Snell that said bed was not blocked, chocked, or otherwise secured to prevent it from being lowered.

\* \* \* \* \* \*

15. That Jimmy J. Snell was not an employee of Marvin E. Snell and Roger D. Snell, d/b/a Snell's Backhoe.

\* \* \* \* \* \*

18. That defendants realized or should have realized that the bed of said dump truck being

raised involved an unreasonable risk of harm to persons coming upon said premises.

19. That defendants should have expected that persons coming upon the premises would not discover or realize the danger, or would fail to protect themselves against that danger.

20. That defendants failed to exercise reasonable care to protect persons coming upon said premises against the danger of the dump truck bed being raised.

21. That defendants failed to warn persons coming upon said premises of the danger from the dump truck bed being raised.

22. That defendants have no knowledge that Jimmy J. Snell knew the risk involved in the

We conclude the trial court did not abuse its discretion in denying Marvin and Roger's motion to withdraw admissions. As we find no error, the judgment of the trial court is affirmed.

GARRARD and ROBERTSON, JJ., concur.

bed of said dump truck being raised while he was near said dump truck."

Record, pp. 25–26.