**Wilma CORBY and the Farmers Insurance Group of Companies, Appellants–Plaintiffs,**

v.

**Larry SWANK, Appellee–Defendant.**

No. 84A05–9504–CV–118.

Court of Appeals of Indiana.

Oct. 15, 1996.

John A. Kesler, Sr., Kesler & Kesler, Terre Haute, for appellants–plaintiffs.

James A. McGlone, McGlone Law Offices, Terre Haute, for appellee–defendant.

## OPINION

SULLIVAN, Judge.

This action was tried before a jury upon the complaint of plaintiffs Wilma Corby (Corby) and The Farmers Insurance Group of Companies (Farmers Group) (collectively Corby and Farmers Group) against defendant Larry Swank (Swank) for damages arising from a collision between Corby's car and Swank's truck at a four-way stop intersection in Terre Haute. Corby sought unspecified damages for personal injury, and Farmers Group sought to recoup an amount paid for the repair of Corby's car. Swank filed a counterclaim, seeking compensation for the cost of repairing his truck. Following the trial, at which the primary issue with respect to liability was whether Swank or Corby failed to stop before proceeding into the intersection, the jury returned a verdict finding Corby to be 100% at fault, and awarding Swank $800.00 in damages. Corby and Farmers Group appeal, asserting the following restated issue for review:

Whether the trial court erred by not ruling that Swank had admitted, for purposes of the trial, matters contained within certain requests for admissions sent to Swank by Corby and Farmers Group, to which Swank did not respond in a timely fashion, and in refusing to permit Corby and Farmers Group to introduce those requests for admissions at trial?

We reverse and remand for a new trial.

The matter which gave rise to this case occurred on June 17, 1988, at the intersection of 7th and Locust Streets in Terre Haute. On June 15, 1990, Corby and Farmers Group filed suit against Swank in Vigo Superior Court. The case proceeded through a variety of fairly typical pre-trial events, and a pre-trial conference was set for October 1991. However, for reasons that are unclear from the record, the conference was not held on that date, and did not occur until February 1993. Pursuant to that meeting, the attorneys for both sides filed a joint "Memorandum of Conference of Attorneys" on February 4. Among other things, the memorandum stated that: "No admissions have been made by either party," with the exception of an admission by Swank that the accident occurred at the time and place alleged. Record at 8.

The case was thereafter continued a number of times, in part due to surgery undergone by Corby and Farmers Group's attorney, and in part to allow discovery to continue. On March 25, 1994, pursuant to Trial Rule 36, Corby and Farmers Group served on Swank twenty-four requests for admissions, with a response date of April 26. The requests addressed mostly matters related to the subrogation claim and authentication of documents. However, request # 16 requested the following admission:

"That at the time Plaintiff Wilma Corby arrived at the intersection of 7th Street and Locust Street immediately prior to the wreck here at issue the Plaintiff brought her vehicle to a full and complete stop at said intersection of 7th Street and Locust Street before entering said intersection." Record at 21.

On April 20, Swank filed with the court a motion for enlargement of time, which requested an additional amount of time, to and including May 24, in order to respond to the requests for admissions. The trial court granted Swank's motion, and Swank was given until May 24 to answer. Swank did not, however, serve answers on Corby and Farm-

ers Group by May 24; it appears that the answers were served one day late.[1]

On June 1, 1994, Corby and Farmers Group filed with the court a supplemental witness and exhibit list, which included the following:

> "3. The Plaintiff's [sic] Request for Admissions which are admitted by Defendant by operation of law because same were not answered or denied within the period designated by the rules or the longer time as allowed by the Court, a copy of which are attached and made a part hereof by reference and is filed for the record for subsequent use at the trial as aforesaid." Record at 14.

A supplemental pre-trial conference was held on July 14, 1994, pursuant to which the trial court entered a supplemental pre-trial order. In the supplemental order, the trial court stated that it "reaffirms the Memorandum of Attorneys' Conference heretofore filed and approved." Record at 39. Nothing in the order, however, specifically made reference to the requests for admissions addressed in Corby and Farmers Group's supplemental witness and exhibit list.

Eventually, the case was set for trial on December 5, 1994. On November 28, Swank filed a motion in limine seeking to prevent reference to a variety of topics, none of which appears to have dealt with the admissions requested by Corby and Farmers Group. On December 2, Swank filed a motion for leave to file an amended answer, so that he might delete certain defenses raised in his initial answer. Also on December 2, Corby and Farmers Group filed a trial brief, which restated their intent to introduce the admissions.

At trial, Corby and Farmers Group sought to introduce the requests for admissions into evidence. Swank objected, arguing that: 1) the answers were only one day late, and 2) that the requests dealt with things which were "not proper subjects for requests for admissions", since they addressed issues which Corby and Farmers Group were required to prove at trial. Record at 97. The trial court sustained Swank's objection.

■ At the outset, we observe that Swank has sought to frame the issue as whether the trial court "erred or abused its discretion by denying [Corby and Farmers Group's] verbal [sic] motion, on the second day of trial, to deem [their] request for admissions admitted." Br. of Appellee at 1. From this characterization of the issue, Swank concludes that we should review the trial court's ruling only for an abuse of discretion. Br. of Appellee at 11. We disagree.

"Under Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and *conclusively established by operation of law.*" *Henrichs v. Pivarnik* (1992) Ind. App., 588 N.E.2d 537, 543 (emphasis supplied). Once such an admission is obtained, "the need to prove the fact at trial is eliminated." *Indiana Civil Rights Comm'n v. Wellington Village Apartments* (1992) Ind. App., 594 N.E.2d 518, 527, *trans. denied; see also F.W. Means & Co. v. Carstens* (1981) Ind.App., 428 N.E.2d 251, 257. As Professor Harvey has aptly noted, "[n]either the trial court nor the jury can disregard the admission under Rule 36." 3 William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 36.1 (1992 & 1996 Supp.).

■ Further, once such admissions have been obtained, the party obtaining the admissions is under no obligation to "move" to have the admissions deemed established; they are established automatically by operation of law. *Pathman Constr. Co. v. Drum–Co Eng'g Corp.* (1980) Ind.App., 402 N.E.2d 1, 5–6; *see generally* Harvey, *supra* § 36.1. The burden is squarely upon the party from whom the admissions have been obtained to move to withdraw or amend the admissions pursuant to T.R. 36(B). *See Pathman Constr., supra;* Harvey, *supra; cf. Bolen v.*

---

1. Corby and Farmers Group's counsel attempts to ascribe legal significance to the fact that Swank did not "file" his answers with the trial court. Trial Rule 5(D)(2) makes clear that, absent an order by the trial court, no such filing is required, and no order to that end appears to have been entered in this case. Thus, the proposition that "[w]hether [Swank] mailed answers to Plaintiff's [sic] counsel after the deadline would appear to be irrelevant and of no legal effect since they were not filed with the Court", (Br. of Appellants at 16) is simply incorrect.

*Mid–Continent Refrigerator Co.* (1980) Ind. App., 411 N.E.2d 1255, 1262 (no need for trial court to order that matters admitted pursuant to T.R. 36 have been established). Thus, where an admission has been obtained pursuant to T.R. 36, and not properly modified or withdrawn, the issue of whether such admission may be used at trial is not a matter within the trial court's "discretion"; rather, the party obtaining the admission is entitled to have the fact deemed conclusively established, and a trial court ruling to the contrary is error.

We also note preliminarily that Swank's assertion at trial that the requests were not proper subjects for requests for admissions was incorrect in light of our Supreme Court's decision in *General Motors Corp. v. Aetna Casualty & Sur. Co.* (1991) Ind., 573 N.E.2d 885, *reh'g denied*.[2] There, our Supreme Court specifically held that requests for admissions under T.R. 36 may, in addition to seeking facts, be directed toward "an opinion, a contention, or a legal conclusion, if the request is related to the facts of the case." 573 N.E.2d at 888. In any event, if a party believes that his opponent is making improper use of T.R. 36 requests, the proper response is not to disregard those requests, but to object to them in a timely manner, as T.R. 36 contemplates. *See F.W. Means & Co., supra,* 428 N.E.2d at 257 n. 10; Harvey, *supra* § 36.3.

We further note that Swank conceded at trial and upon appeal that the answers were in fact not served upon Corby and Farmers Group within the extended time allotted by the trial court upon Swank's motion.[3] Swank contends, however, that notwithstanding this, the requests for admissions should not have been deemed conclusively admitted. The bulk of his appellate brief is devoted to the proposition that, because the trial court's ruling had the effect of causing the case to be heard on the merits, and because Corby and Farmers Group did not "rely" on the admissions, no error occurred. In support, he cites numerous cases in which this court and our Supreme Court have applied the test required when a litigant who has (inadvertently or otherwise) admitted facts pursuant to a request has sought to withdraw those admissions pursuant to T.R. 36(B). These cases would arguably have been of persuasive value for Swank had he ever moved to have his admissions withdrawn; however, as he never sought relief from his admissions as contemplated by T.R. 36(B), they are inapposite and of no benefit to his cause.[4]

2. Swank has not reiterated this argument upon appeal.

3. Swank states in his appellate brief that he "did not file a formal motion to withdraw and amend." Br. of Appellee at 29. We note that there is some case law authority to the effect that a motion to withdraw or amend need not be "formally" denominated as such; rather, any request which fairly presents a request for withdrawal or amendment will be treated as such even if not presented to the trial court with that nomenclature. *See Gary Mun. Airport Auth. Dist. v. Peters* (1990) Ind.App., 550 N.E.2d 828, 831 (per Staton, J. with one judge concurring in result); *but see Royalty Vans, Inc. v. Hill Bros. Plumbing and Heating, Inc.* (1993) Ind.App., 605 N.E.2d 1217, *reh'g denied*. Swank has not argued that he took any action or made any motion which we should construe as a motion to withdraw despite its being denominated otherwise.

4. Swank's brief also makes reference to the trial court's supplemental pre-trial order, in which the court noted that it "reaffirms" the previous memorandum of the attorneys, which stated that no admissions (except for the admission that the accident occurred when and where alleged) had been made by either side. Swank argues that, because the supplemental pre-trial conference and ensuing order occurred after the time at which Swank failed to timely respond to Corby and Farmers Group's requests, Corby and Farmers Group were compelled to move for a change in the prior pre-trial order, or move to have their requests deemed admitted in light of the supplemental order. This argument fails for a number of reasons. First, Swank made no mention of the pre-trial order when the trial court heard argument concerning the requests for admissions, despite the fact that the argument was heard during the trial. Thus, he has not preserved this argument for appeal. *See Clouse v. Fielder* (1982) Ind.App., 431 N.E.2d 148, 154.

Second, other than simply quoting T.R. 16(J) to the effect that a pre-trial order "shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice", Swank has not attempted to demonstrate or cite authority as to how this rule interacts with the mandate of T.R. 36 that requests for admissions are automatically deemed admitted unless the trial court permits amendment or withdrawal (Swank nowhere asks us to construe any of his actions as constituting a motion for withdrawal). We therefore decline to adopt Swank's argument in this regard.

As stated, T.R. 36 mandates that, when a party upon whom requests for admissions have been served fails to respond to those requests within the time allotted in the request or by the court upon motion for extension of time, those requests are deemed admitted by operation of law. However, pursuant to T.R. 36(B), the party who has been deemed to have made those admissions may make a motion for withdrawal of those admissions to the trial court. *General Motors Corp., supra,* 573 N.E.2d at 888–89. When such a motion has been made, T.R. 36(B) contemplates that the trial court is to consider two factors in determining whether to permit withdrawal: 1) whether the presentation of the merits will be subserved by permitting withdrawal, and 2) whether the party who obtained the admission will be prejudiced by withdrawal. *Id.*

■■■ The party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal; however, the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. T.R. 36(B); *Eads v. Hill* (1990) Ind.App., 563 N.E.2d 625, 629, *trans. denied; see also Royalty Vans, Inc. v. Hill Bros. Plumbing and Heating, Inc.* (1993) Ind.App., 605 N.E.2d 1217, 1221, *reh'g denied; Stewart v. Stewart* (1987) Ind.

App., 506 N.E.2d 1132, 1134; *Liberty Mutual Ins. Co. v. Matuga* (1984) Ind.App., 471 N.E.2d 737, 738. In this context, "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. *See Gary Mun. Airport Auth. v. Peters, supra,* 550 N.E.2d at 831 (per Staton, J., with one judge concurring in result). For example, "prejudice" of this sort may be shown where the party obtaining the admission "is unable to produce key witnesses or present important evidence." *Id.* (citing *Brook Village North Associates v. General Elec. Co.* (1982) 1st Cir., 686 F.2d 66, 64 A.L.R.Fed. 730); *see also General Motors Corp., supra,* 573 N.E.2d at 889 (upholding trial court denial of motion to withdraw admissions where defendant seeking withdrawal had waited until only two months remained prior to trial to request withdrawal, which had effect of depriving plaintiff of three months time to develop proof). Unless a trial court finds both that the presentation of the merits will be subserved by permitting withdrawal *and* that the party who has obtained the admissions will not suffer prejudice (as that term applies in T.R. 36), the trial court may not permit withdrawal. *General Motors Corp., supra.* When the trial

---

Third, Swank's argument in effect would compel us to read the trial court's supplemental order as stating that, *at the time of the supplemental order,* no admissions had been made. Given that no specific reference is made within the supplemental order to Corby and Farmers Group's requests for admissions, which were served on Swank over a year after the first memorandum, and given that Swank has not asserted that the admissions were ever in fact discussed during the supplemental pre-trial conference, it seems equally plausible to us that the trial court's supplemental order was simply reaffirming the memorandum to the effect that, *at the time of the memorandum,* no admissions had been made.

Finally, while it is not necessary to the disposition of this case, we observe that Swank appears to be seeking to make misuse of T.R. 16(J). Both T.R. 16 and T.R. 36 are rules the purpose of which is to *narrow* the scope of issues for trial. *See Whisman v. Fawcett* (1984) Ind., 470 N.E.2d 73, 76 (discussing T.R. 16); *General Motors Corp., supra,* 573 N.E.2d at 888 (discussing T.R. 36). Indeed, T.R. 36(B), which provides the mechanism by which admissions may be amended or withdrawn, specifically provides that with-

drawal or amendment is "subject to the provisions of Rule 16 governing amendment of a pre-trial order". While the issue is not presented here (either factually or in Swank's argument), it appears to us that this contemplates T.R. 16 as an *additional* restriction upon the discretion of the trial court to permit withdrawal or amendment. In other words, where an admission has been codified within a pre-trial order, T.R. 36(B) may require that, even if the standards outlined in T.R. 36(B) are satisfied, a trial court may not permit withdrawal or amendment of an admission unless the "manifest injustice" requirement of T.R. 16(J) has also been satisfied. In any event, it is clear that Swank seeks to do just the opposite of what T.R. 16 and T.R. 36(B) appear to contemplate—he asks us to construe T.R. 16(J) so as to reopen an issue which had been closed by an admission already made under T.R. 36. While we express no opinion on whether this argument would have merit had the supplemental pre-trial order specifically stated that the admissions Swank made had been withdrawn or amended, he has not persuaded us that the trial rules compel such a conclusion under the scenario presented here.

court does find that both conditions have been satisfied, it may, in its discretion, permit withdrawal. *Id.; Stewart, supra,* 506 N.E.2d at 1134.

 This is not a "self-executing" test, however. As stated, the party who has been deemed to have admitted whatever was requested has the burden of making a motion for withdrawal. *Pathman Constr. Co., supra,* 402 N.E.2d at 6; *see also Snell v. Snell* (1991) Ind.App., 581 N.E.2d 463, 464; *Hosts, Inc. v. Wells* (1982) Ind.App., 443 N.E.2d 319, 320. In this regard, T.R. 36 is neither difficult to understand nor unduly onerous, as a party in Swank's position has *both* the opportunity to obtain an extension of time prior to the expiration of time within which he has been requested to answer, *and* an opportunity to petition the trial court for relief from answers inadvertently or improvidently made.[5] Thus, we find Swank's protestations that Corby and Farmers Group "[n]owhere in their brief . . . show why [they are] entitled to a favorable decision pursuant to the standards set forth in T.R. 36(B)", (Br. of Appellant at 20) to be irrelevant. Because Swank never moved the trial court to obtain relief from the effect of his admissions, the test under T.R. 36(B) was never implicated in this case, and Corby and Farmers Group were entitled at trial to have those admissions entered into evidence at trial and deemed conclusively established. *Wellington Village Apartments, supra,* 594 N.E.2d at 528–29. The trial court's ruling denying Corby and Farmers Group this was error.[6]

The judgment is reversed and the cause is remanded for a new trial.

FRIEDLANDER and BARTEAU, JJ., concur.

---

5. We observe that T.R. 36 does not, by its terms, suggest a time limit within which such a motion must be made. The reported cases have addressed situations ranging from a motion made one day after the requests were deemed admitted, *Liberty Mut. Ins. Co, supra,* 471 N.E.2d 737, to a situation in which this court granted a motion for remand to the trial court so it could rule on a motion for withdrawal filed while the appeal was pending, *Stewart, supra,* 506 N.E.2d 1132. Thus, while the length of time a party waits to file a motion for withdrawal could, in some cases, impact whether the opposing party suffers prejudice in the preparation of his case, T.R. 36 does not appear to compel a party to seek withdrawal within a particular time frame. Here, over six months passed between the time Swank was deemed to have admitted Corby and Farmers Group's requests and the start of trial.

6. Swank's appellate brief makes some reference to a somewhat intriguing argument. He asserts that, even if the trial court ought to have deemed the admissions established, Corby and Farmers Group have "not shown prejudice by any error in the court's ruling which would not be considered harmless according to . . . [T.R.] 61." Br. of Appellee at 18. This argument has some surface appeal, since it is clear that, as a result of the trial court's ruling, a full trial on the merits was held, and Corby and Farmers Group have not seriously asserted that they suffered prejudice in the preparation of their case by the trial court's ruling. However, the cases Swank cites in support of this proposition deal with harmless error in contexts wholly unanalogous to the case at bar. Further, Swank makes no effort to discuss how T.R. 61 interrelates with the mandate of T.R. 36 that Swank's failure to timely answer the requests for admissions caused him to have admitted the requests by operation of law. We will not undertake the burden of making a litigant's appellate arguments for him; therefore, this argument is waived.

We observe, however, that as a general rule, reversal when a trial court excludes evidence which ought to have been admitted is warranted only when the "substantial rights of the parties" have been affected. T.R. 61; *Manns v. State Dep't of Highways* (1989) Ind., 541 N.E.2d 929, 936. Further, if the evidence which was improperly excluded was otherwise presented to the jury, reversal is not warranted. *Id.* By. analogy, one might be able to construct an argument to the effect that exclusion of the admissions relative to the subrogation claim could have been harmless, since Corby and Farmers Group were apparently able to authenticate the documents without incident, and this case appears to have been decided on the basis of liability. However, it cannot be seriously argued that the exclusion of admission # 16, which would have had the practical effect of virtually proving Corby's lack of negligence (though not, as Swank asserts, of proving his negligence or of entitling Corby and Farmers Group to summary judgment, since the admission did not purport to address Swank's negligence or lack thereof), did not affect the "substantial rights" of Corby and Farmers Group.