## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 08 2019, 6:17 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Amy P. Gutierrez
Fort Wayne, Indiana

**ATTORNEYS FOR APPELLEE**

Jason M. Kuchmay
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amy P. Gutierrez,

*Appellant-Respondent,*

v.

The Estate of Geoffrey S. Riske, et al.,

*Appellees-Petitioners*

November 8, 2019

Court of Appeals Case No. 19A-EU-667

Appeal from the Allen Superior Court

The Honorable Craig J. Bobay, Judge

The Honorable Phillip E. Houk, Magistrate

Trial Court Cause No. 02D02-1708-EU-369

**Altice, Judge.**

**Case Summary**

[1]     Belinda Romine is the personal representative of the Estate of Geoffrey Riske (the Estate). After opening the Estate, Romine filed a petition for recovery of estate property, seeking to recover real and personal property that Romine contended was being improperly withheld from the Estate by Amy Gutierrez, one of Riske's adult children. Gutierrez disregarded her discovery obligations, failed to timely and fully comply with a subsequent order to compel discovery responses, and did not timely file her witness and exhibit list. As a result, the trial court entered an order precluding Gutierrez from presenting witnesses or exhibits at trial and recognized, at the evidentiary hearing, that Romine's requests for admission, which were served upon Gutierrez and untimely responded to, were deemed admitted. A brief evidentiary hearing then occurred regarding certain personal property not covered by the admissions.

[2]     After the evidentiary hearing, the trial court granted the Estate's petition to recover estate property with respect to both real and personal property. The court, thereafter, denied multiple motions to correct error filed by Gutierrez. In her pro-se appeal, Gutierrez presents six issues that we consolidate and restate as the following three issues:

> 1.     Did the trial court properly determine that the matters covered in the request for admissions were deemed admitted by operation of law and, thus, conclusively established for purposes of trial?
>
> 2.     Did the trial court abuse its discretion by precluding Gutierrez from presenting witnesses and exhibits at trial as a discovery sanction?

3.      Did the trial court abuse its discretion by denying Gutierrez's motions to correct error?

We affirm.

## Facts & Procedural History

Romine was Riske's companion for over twenty years leading up to his death from metastatic laryngeal cancer on July 29, 2017.[1] They had lived together for about the last eight years in Riske's home located on Huestis Avenue in Fort Wayne (the Real Estate). Romine owned another residence across the street from the Real Estate.

On August 7, 2017, Gutierrez recorded a quit-claim deed, pursuant to which the Real Estate was purportedly transferred from Riske to Gutierrez on July 7, 2013 (the Quit-Claim Deed). Gutierrez then had Romine removed from the Real Estate with the assistance of police officers. Over the next several days, Romine watched and video recorded as Gutierrez and others removed personal property from the Real Estate that had been acquired by Riske and Romine either jointly or separately over the years.

---

[1] Although his diagnosis was terminal, Riske underwent chemotherapy in September and October 2016. He was admitted to the hospital from October 19 to October 23, 2016, via the emergency department, and was discharged, upon his own insistence, the day after a feeding tube had been placed. Riske was given only a period of months to live.

[6]     Romine filed two petitions with the trial court on August 15, 2017, one to probate a will executed by Riske in May 2017 (the Will)[2] and another for appointment of herself as personal representative of the Estate. The trial court admitted the Will to probate the following day and appointed Romine as personal representative. Under the Will, the Real Estate and much of Riske's personal property was bequeathed to Romine.

[7]     On August 21, 2017, Romine, as personal representative of the Estate, filed a petition for recovery of estate property (the Recovery Petition). Romine alleged that the Quit-Claim Deed filed by Gutierrez was fraudulent on its face and recorded to circumvent the probate proceedings. She asked that the Quit-Claim Deed be set aside and the Real Estate returned to the Estate. As evidence of fraud, Romine observed in the Recovery Petition that the Quit-Claim Deed was purportedly executed on July 7, 2013, but that the notary public stamp indicated a commission expiration date of January 20, 2024.[3] The term of a notary public's commission is eight years. Ind. Code § 33-42-12-1 (formerly I.C. § 33-42-2-1(b)). Thus, as Romine observed, it was not possible for the Quit-Claim Deed to have been notarized in 2013 by a notary public whose commission was set to expire in 2024. Romine also alleged in the Recovery

---

[2] The Will's precise date of execution is indecipherable, but the month and year are clear.

[3] The Quit-Claim Deed indicates that it was prepared by attorney Harry W. Foster III (Attorney Foster) and notarized by his wife, Linda Sue Foster (Notary Foster). Notary Foster's current commission as a notary public began on January 21, 2016 and expires on January 20, 2024. She had a prior commission from December 18, 2007 to December 17, 2015.

Petition that she had personally witnessed the removal from the Real Estate of personal property belonging to the Estate and that Gutierrez was withholding motorcycles titled in Romine's name.

[8] Gutierrez obtained counsel, Kingsley G. Regnier, on September 11, 2017,[4] and a status conference was held on October 2, 2017, after which the parties were ordered to mediate the dispute over ownership of the Real Estate. With respect to the personal property, Gutierrez agreed to provide a complete list of items that had been removed from the garage by October 20, 2017, and to allow Romine, on October 21, 2017, along with her counsel, to enter the Real Estate to make an inventory of the personal property therein. The parties also agreed that three motorcycles that were in the garage and belonged to Romine were to be returned to her. Romine, as personal representative of the Estate, agreed to sign the title to another motorcycle over to Riske's son, pursuant to the terms of the Will. Finally, one of Riske's other daughters agreed to transfer possession of a curio cabinet to Romine, as personal representative of the Estate. The trial court's order, issued October 2, 2017, memorialized each of these agreements.

[9] The parties failed to mediate the dispute regarding the Real Estate, and no activity is noted on the CCS again until February 2018, when Regnier moved to

---

[4] Riske's three other children also obtained counsel to jointly represent their interests. They do not participate in this appeal.

withdraw his appearance, which was granted. The following month, one or more attorneys withdrew from representing other parties.

[10] On July 17, 2018, new counsel for the Estate entered an appearance and sought to move along the stagnant proceedings with a motion for a case management conference, which was held on August 21, 2018. While it does not appear that Gutierrez, who was unrepresented at the time, received notice of the hearing, she was noticed with the resulting order that was issued the same day and provided in relevant part:

> Scheduling Conference is conducted as to the pending [Recovery Petition]. The Court hereby sets trial on this matter for **January 15, 2019** at **9:30 a.m.** and a Pre-Trial Conference for **January 8, 2019** at **9:30 a.m.** Failure to appear for the Pre-Trial Conference may result in a default judgment. Discovery in this matter is to be concluded on or before **December 18, 2018.** Witness and Exhibit Lists are to be filed and exchanged on or before **January 7, 2019.**

*Appellant's Appendix Vol. II* at 63 (emphasis in original).

[11] Romine deposed Attorney Foster, Notary Foster, and Gutierrez in September and, on November 8, 2018, served Gutierrez with written discovery requests, including interrogatories, request for production of documents, and request for admissions. When Gutierrez did not respond within thirty days, Romine, by counsel, sent a letter to Gutierrez on December 17, 2018, demanding full and complete responses to the interrogatories and request for production of documents within five days or Romine would file a motion to compel.

Included within the correspondence were copies of these requests. The request for admissions was not included or referenced in the correspondence because the admissions had already been admitted by operation of law.

[12] Also, on December 17, 2018, Romine filed with the trial court, and served upon Gutierrez, a motion for unilateral extension of the discovery deadline from December 18, 2018, to January 14, 2019. Romine noted Gutierrez's failure to respond to the interrogatories and request for production of documents and indicated that an extension of the discovery deadline would allow Romine time for receipt of the outstanding discovery responses, to file a motion to compel if needed, and to take any necessary depositions after responses are received. The trial court granted the extension for Romine only.

[13] On January 4, 2019, Romine filed a motion to compel, indicating that "Gutierrez had failed to provide any response to the discovery requests whatsoever." *Id.* at 91. That same day, the trial court issued an order granting the motion to compel, which provided in relevant part:

> Gutierrez must provide to counsel for Romine, full and complete responses to the Interrogatories and Request for Production of Documents originally served upon her November 8, 2018…. The full and complete responses must be produced so that they are <u>received</u> by counsel for Romine within five (5) days from the date of this Order.

> It is FURTHER ORDERED, ADJUDGED AND DECREED that Romine shall be permitted to amend her Witness & Exhibit List, as appropriate, upon receipt of the outstanding discovery responses. Petitioner is to notify all interested parties.

*Id*. at 107 (emphasis in original).

[14] Romine timely filed her witness and exhibit list on the January 7, 2019 deadline. Gutierrez did not, but on that date, Attorney Foster entered an appearance on her behalf and appeared the next day at the scheduled pre-trial conference. In an order dated January 8, 2019, the trial court continued the scheduled trial to February 12, 2019, and extended the discovery deadline for Romine only to February 5, 2019, as Gutierrez had yet to comply with the order to compel. Additionally, the trial court noted in the order: "Attorney Harry Foster indicates his intention to withdraw his appearance due to a conflict."[5] *Id*. at 118. The trial was continued the next day to February 21, 2019, due to a scheduling conflict.

[15] On January 14, 2019, Romine filed a motion for an order precluding Gutierrez from presenting witnesses or exhibits at trial and compelling responses to discovery requests (the Motion to Preclude). In support, Romine noted that Gutierrez had still not responded to discovery and did not file a witness and exhibit list as required, which prejudiced Romine's ability to prepare for trial. Romine also observed that Attorney Foster had continued to represent Gutierrez despite a clear conflict of interest. Romine sought the following relief in her motion:

---

[5] Attorney Foster and his wife, Notary Foster, were both material witnesses in the case.

16.     In light of Gutierrez's disregard of the trial rules, her disregard of this Court's motion to compel order, and Foster's ongoing representation of Gutierrez, additional sanctions against Gutierrez are warranted.

17.     Romine submits that an appropriate sanction against Gutierrez would be an Order precluding her from presenting witnesses or exhibits at the upcoming trial, in addition to an award of attorney's fees.

*Id*. at 124. The trial court set the Motion to Preclude for hearing.

[16] On January 15, 2019, Attorney Foster filed a motion to withdraw his appearance, and Gutierrez filed a pro-se appearance. That same day, Gutierrez filed a motion for leave to file a witness and exhibit list and a notice of compliance, indicating that she had just delivered discovery responses to Romine's counsel. Romine filed a written objection to the motion for leave to file a witness and exhibit list, noting that it had been filed in the eleventh hour and that Gutierrez's discovery responses did not include a single document that she referenced in her exhibit list and were deficient in other respects.

[17] Attorney Nathan D. Hoggatt filed an appearance on behalf of Gutierrez on January 28, 2019, and represented her on February 6, 2019, at the hearing on the Motion to Preclude. After the hearing, the court issued an order granting the Motion to Preclude (the Preclusion Order), pursuant to which the court precluded Gutierrez from presenting witnesses or evidence at trial. The court also ordered her to comply with all pending discovery requests by February 15, 2019, and the court took the matter of attorney's fees under advisement.

[18] The trial on the Recovery Petition took place on February 21, 2019, at which Attorney Hoggatt represented Gutierrez.[6] Pursuant to the Preclusion Order, Gutierrez was not permitted to present witnesses or exhibits, but was allowed to testify on her own behalf. Additionally, at the start of trial, Romine asked that the request for admissions, to which Gutierrez had not timely responded, be deemed admitted and conclusively established by operation of law. The admissions included, among other things, that: 1) the Will was signed by Riske, was in effect at the time of his death, and represented his wishes; 2) the Quit-Claim Deed was not signed by Riske, but rather his signature was forged, and the fraudulent deed should be set aside and the Real Estate titled to Romine; and 3) a will purportedly executed by Riske on October 24, 2016, was forged and fraudulent. The admissions also included a list of personal property that Gutierrez took from the Real Estate after Riske's death without right and knowing that Riske intended such property to go to Romine upon his death.

[19] Based on the admissions, Romine requested a directed verdict on the issues covered by the admissions, particularly bringing the Real Estate back into the Estate. Gutierrez objected to the motion for a directed verdict and asked for reconsideration of the Preclusion Order to allow her to present evidence. The trial court denied the request to set aside the Preclusion Order and noted that "the record is pretty clear" that Gutierrez "had every opportunity" to respond

---

[6] Attorney Hoggatt filed a motion to withdraw from representing Gutierrez on February 16, 2019. Gutierrez filed a strenuous objection to the motion to withdraw, and the trial court denied the motion on February 18, 2019, noting that it had come to the court's attention less than 72 hours before trial.

to the discovery requests and that "her due process rights were represented[.]" *Transcript* at 15. The trial court also concluded that the matters addressed in the request for admissions were deemed admitted. The trial court then allowed evidence to "go forward [] on issues relating to some personal property that is not covered by [the] admission." *Id*. at 19. Romine and Gutierrez testified briefly in this regard, and Gutierrez acknowledged taking personal property from the Real Estate and indicated a willingness to return some of this property to the Estate.

[20] On February 25, 2019, the trial court issued its final order (the Final Order) regarding the Recovery Petition. The court terminated any right to title or possession of the Real Estate by Gutierrez and ordered her to, within ten days, execute a quit-claim deed delivering the Real Estate to the Estate and vacate the property. Upon receipt of the quit-claim deed, the court indicated that the personal representative may then administer the Real Estate according to the terms of the Will and transfer title to Romine. Additionally, the court ordered that certain personal property be returned to Romine personally and other property be returned to the Estate to be distributed according to the Will. The trial court expressly entered the Final Order as a final judgment pursuant to Ind. Trial Rule 54(B).

The day the Final Order was issued, Gutierrez, now proceeding pro se, filed a motion to correct error (the First MTCE).[7] In the First MTCE, Gutierrez challenged the Preclusion Order and asked the trial court to "allow her to present witnesses and exhibits at the trial … to clearly show the Court how Belinda Romine is attempting to perpetrate a hoax upon the Court." *Appellant's Appendix Vol. II* at 166. The trial court summarily denied the First MTCE on February 27, 2019. Thereafter, on March 8, 2019, Gutierrez filed another MTCE (the Second MTCE) based on alleged newly discovered evidence. In the Second MTCE, Gutierrez claimed that Romine had perpetrated a fraud upon the court by concealing evidence. Gutierrez also challenged the validity of the Will based on undue influence and incapacity. The trial court denied the Second MTCE on March 13, 2019.

[22] Gutierrez, pro se, brings this timely appeal of the Final Order and the denial of her First and Second MTCE. Additional information will be provided below as needed.

## Discussion & Decision

### 1. Admissions

[23] Gutierrez challenges the trial court's determination that her failure to timely respond to the request for admissions resulted in them being deemed admitted

---

[7] Gutierrez also filed an "Alternative Verified Motion to Correct Errors," the denial of which is not at issue on appeal.

by operation of law. Her arguments regarding her self-styled "supposed admissions" are muddled and difficult to follow. *Appellant's Brief* at 17. Gutierrez appears to argue that she made a motion to withdraw the admissions, which the trial court improperly denied because the admissions went to the heart of the case and their withdrawal would not have prejudiced Romine.

[24] There is no dispute that Gutierrez did not timely respond to the request for admissions, as she filed her response more than two months after they were served upon her. Thus, pursuant to Ind. Trial Rule 36, the matters covered by the request for admissions were deemed admitted and conclusively established by operation of law. *See In re Marriage of Perez*, 7 N.E.3d 1009, 1011 (Ind. Ct. App. 2014) ("The failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law.") (citing *Corby v. Swank*, 670 N.E.2d 1322, 1324 (Ind. Ct. App. 1996)). Once the admissions are obtained, the need to prove those facts at trial are eliminated, and the trial court may not disregard the admissions. *See Corby*, 670 N.E.2d at 1324. Further, the party obtaining the admissions is under no obligation to move to have them deemed established. *Id*.

[25] T.R. 36(B) governs the withdrawal of admissions and provides in part:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the

admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits….

The party seeking withdrawal has the burden of establishing that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. *Corby*, 670 N.E.2d at 1326. When ruling on a motion to withdraw admissions, the trial court exercises discretion, and we will reverse only for an abuse of that discretion." *Costello v. Zavodnik*, 55 N.E.3d 348, 352 (Ind. Ct. App. 2016).

[26] The two-part test for determining if withdrawal is appropriate under the circumstances is not self-executing. *Corby*, 670 N.E.2d at 1327. Rather, "the party who has been deemed to have admitted whatever was requested has the burden of making a motion for withdrawal." *Id*. In *Corby*, the defendant objected at trial when the plaintiffs sought to introduce deemed admissions. He argued that his answers were only one day late and that the requests addressed matters that were not proper subjects for requests for admission because they reached issues that the plaintiffs were required to prove at trial. *Id*. at 1324. The trial court sustained the objection. We reversed on appeal, concluding that the defendant never moved to withdraw his admissions and, therefore, the trial court erred when it refused to enter the admissions into evidence and deem them conclusively determined. *Id*. at 1327.

Similarly, in the case at hand, Gutierrez did not move the trial court to obtain relief from the effect of her admissions. Accordingly, the test under T.R. 36(B) was never implicated, and Romine was entitled at trial to have those admissions entered into evidence and deemed conclusively established. *See Corby*, 670 N.E.2d at 1327. The trial court did not err in this regard.

## 2. Preclusion Order

Gutierrez also challenges the Preclusion Order, which was entered as a discovery sanction. She contends that the trial court abused its discretion by imposing such an "excessively harsh punishment" that was particularly "unjust given [her] filing of a notice of compliance stating that she had provided the requested discovery responses." *Appellant's Brief* at 10.

"Trial courts 'stand much closer than an appellate court to the currents of litigation pending before them,' so they are better positioned to assess and manage discovery matters." *Care Grp. Heart Hosp., LLC v. Sawyer*, 93 N.E.3d 745, 757 (Ind. 2018) (quoting *Whitaker v. Becker*, 960 N.E.2d 111, 115 (Ind. 2012)). Accordingly, they have wide discretion regarding discovery sanctions, and their orders carry a strong presumption of correctness. *Care Grp.*, 93 N.E.3d at 757. "We will not overturn a decision absent clear error and resulting prejudice." *Id.* (citing Ind. Trial Rule 61).

The opportunity to be heard in court is a litigant's most precious right and should be sparingly denied, but disregard for trial court's orders will not be condoned. *Prime Mortg. USA, Inc. v. Nichols*, 885 N.E.2d 628, 649 (Ind. Ct.

App. 2008) (affirming entry of a default judgment as a discovery sanction). "[U]nder the appropriate facts a trial court may enter an outright dismissal or default judgment when a party failed to respond to discovery requests on time, the trial court granted an order to compel discovery, and the party violated the order to compel by failing to respond." *Whitaker*, 960 N.E.2d at 116. "A court may sometimes do likewise when a delinquent party did respond but did so in an incomplete or misleading way." *Id*. Ultimately, the only limitation on the trial court in determining an appropriate sanction is that the sanction be just. *Prime Mortg.*, 885 N.E.2d at 649.

[31] Here, Romine served Gutierrez with discovery requests on November 8, 2018. Gutierrez did not respond in any manner – not even after counsel's letter to her on December 17, 2018, which was sent a day before the discovery deadline set by the trial court. As a result of Gutierrez's wholesale noncompliance with discovery, Romine filed a motion to compel on January 4, 2019, which the trial court granted that same day, giving Gutierrez five days *from the date of the order* to comply fully and completely with the discovery requests.[8] At this point, Gutierrez had obtained counsel and counsel appeared on her behalf for a pre-trial conference on January 8, 2019, where Attorney Foster acknowledged the outstanding discovery requests but did not provide responses. The deadline for filing Gutierrez's witness and exhibit list had also expired with no filing.

---

[8] Gutierrez's assertion that she had until January 21, 2019 to respond is without merit.

[32] In light of Gutierrez's complete failure to respond to discovery or file a witness and exhibit list, Romine filed, on January 14, 2019, the Motion to Preclude, claiming resulting prejudice to Romine's ability to prepare for the upcoming trial. Romine sought as a sanction for Gutierrez to be precluded from presenting witnesses and exhibits at trial.

[33] The following day, Gutierrez, pro se, served Romine with responses to the outstanding discovery requests (that are not included in the record before us) and filed a motion for leave to file a witness and exhibit list with the trial court. She also filed a notice of compliance with the trial court. Romine disputed that Gutierrez had complied because "along with other deficiencies," Gutierrez "did not produce a single document" that she had listed in her exhibit list. *Appellee's Appendix Vol. II* at 3.

[34] The trial court held a hearing on the Motion to Preclude on February 6, 2019, at which Attorney Hoggatt represented Gutierrez. Because Gutierrez has not provided us with a transcript of the hearing, we cannot know the arguments asserted by the parties. However, it appears from Gutierrez's various filings, including her First MTCE, that she claimed she never received the August 2018 scheduling order, the November 2018 discovery requests, or the December 2018 demand letter. Gutierrez also claimed that she did not learn of the order compelling discovery responses until January 9, 2019. The trial court was not required to accept these self-serving factual claims. Moreover, as noted above, the record indicates that the belated discovery responses filed by Gutierrez were still incomplete at the time of the hearing.

After the hearing, the trial court issued the Preclusion Order. Specifically, the court precluded Gutierrez from presenting witnesses or exhibits at the February 21, 2019 trial. The court took the additional request for attorney's fees under advisement and ordered Gutierrez to "comply with all pending discovery requests on or before February 15, 2019[,]" which signifies to us that Gutierrez had not yet provided full and complete discovery responses. *Appellant's Appendix Vol. II* at 143.

We flatly reject Gutierrez's suggestion on appeal that her violations were trivial or insubstantial and did not prejudice Romine. Under the circumstances, where Gutierrez ignored the reminder letter, violated the order to compel,[9] and then belatedly delivered incomplete responses, all while providing dubious excuses for her noncompliance, we find that the trial court acted within its wide range of discretion in sanctioning Gutierrez.

### 3. Denial of First and Second MTCE

Finally, Gutierrez challenges the denial of her First and Second MTCE. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *See Sims v. Pappas*, 73 N.E.3d 700, 705 (Ind. 2017). "An abuse of

---

[9] As our Supreme Court has observed, an order to compel discovery – even one that does not warn of possible future sanctions – "essentially g[ives a party] one last chance before opening the door to all manner of unpleasant sanctions under Indiana Trial Rule 37(B)." *Whitaker*, 960 N.E.2d at 116 n.5.

discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Id*.

[38] With respect to the First MTCE, which sought reversal of the Preclusion Order, Gutierrez argues that the trial court "should have realized that its discovery sanction was inappropriate, for all the reasons mentioned previously." *Appellant's Brief* at 16. Having already upheld the Preclusion Order, we need not reconsider it under the First MTCE.

[39] Turning to the Second MTCE, we observe that Gutierrez used it as a vehicle to present new evidence and arguments to the trial court. This new evidence included, among other things, a real estate contract (recorded in 2007 – ten years before Riske's death) that Gutierrez obtained from the recorder's office on March 4, 2019 (less than two weeks after trial), some of Riske's medical records from 2017, two expert affidavits obtained by Gutierrez on March 6, 2019, and a quit-claim deed that was nearly identical to the Quit-Claim Deed entered into evidence at the trial but with a different notary public stamp and recording date (October 2017 rather than August 2017). Based on this evidence, Gutierrez argued in the Second MTCE that Romine perpetrated fraud upon the court and concealed assets of the Estate and that the Will was executed under undue influence and when Riske was incompetent. On appeal, Gutierrez asserts the trial court erred by ignoring this evidence of breach of fiduciary duties, constructive fraud, incapacity, and undue influence.

[40] On the contrary, the record establishes that the trial court did not ignore any evidence that was properly before it, which included none of the evidence submitted in support of the Second MTCE.

> The Indiana Rules of Trial Procedure provide two related procedures for addressing material evidence that remains undiscovered until after trial. Trial Rule 59(A)(1) permits a party to file a motion to correct error to address "[n]ewly discovered material evidence, including alleged jury misconduct, capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial." Similarly, and incorporating the requirements of Trial Rule 59(A)(1), Trial Rule 60(B)(2) permits a party to move for relief on grounds of "newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59."

*Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). To the extent the evidence included in the Second MTCE was unknown to Gutierrez before trial, this was clearly due to her own lack of due diligence, which she exhibited throughout the life of the case, rather than the result of an actual inability to gather said evidence before trial. The trial court properly denied the Second MTCE.[10]

---

[10] Romine correctly observes that a challenge to the validity of the Will, whether based on incapacity or undue influence, must be made through a statutory will contest pursuant to Ind. Code § 29-1-7-17, which requires a will challenge to be filed in a separate cause of action in the same court within three months of the will being admitted to probate. *See In re Estate of Yeley*, 959 N.E.2d 888, 894 (Ind. Ct. App. 2011) ("An action to set aside the probate of an alleged will is purely statutory and can only be brought and successfully maintained in the manner and within the limitations prescribed by statute."). There is no indication in the

Judgment affirmed.

Brown, J. and Tavitas, J., concur.

---

record that Gutierrez ever filed a will contest but doing so in a MTCE from a ruling on the Recovery Petition is clearly not proper.