ROYALTY VANS, INC., d/b/a Royalty Vans, Appellant–Defendant,

v.

HILL BROTHERS PLUMBING AND HEATING, INC., Appellee–Plaintiff.

No. 89A05–9112–CV–434.

Court of Appeals of Indiana, Fifth District.

Jan. 20, 1993.

Rehearing Denied March 8, 1993.

John P. Young, Young & Young, Indianapolis, Charles R. Hyde, Jr., Horn & Hyde, Richmond, for appellant-defendant.

Anthony M. Campo, Casey D. Cloyd, Anthony M. Campo & Associates, Indianapolis, for appellee-plaintiff.

SHARPNACK, Chief Judge.

Royalty Vans, Inc. d/b/a Royalty Vans ("Royalty"), appeals from a summary judgment for Hill Brothers Plumbing and Heating, Inc. ("Hill") on Hill's negligence claim against Royalty. We affirm.

Royalty raises two issues for review, which we restate as:

1. Did the trial court err in denying Charley Bryant's (Royalty's President) request to obtain counsel for Royalty?

2. Did the trial court err in not allowing Royalty to withdraw or amend its deemed admissions?

Royalty, a corporation, leased improved real estate from Hill which was damaged by fire on April 20, 1989. Hill subsequently filed a negligence complaint against Roy-

alty on January 10, 1991. Royalty did not file an answer. Charley Bryant, Royalty's president, entered an appearance on behalf of Royalty. Bryant was not licensed to practice law in Indiana.

On May 8, 1991, Hill served upon Royalty requests for admissions which essentially tracked the allegations of Hill's complaint and which requested a response within 30 days. On June 12, having received no response to its request for admissions, Hill filed a document entitled "Motion To Deem Requests For Admissions Admitted." (Supplemental Record, p. 2.) The court granted Hill's motion and ordered the matters covered by the request for admissions deemed admitted. Hill followed up on July 1 by filing a motion for summary judgment in which it designated as evidentiary materials both its request for admissions and the court's order deeming the requests to be admitted. That same day, Bryant, on behalf of Royalty, filed with the court an untitled document, apparently in response to Hill's motion for summary judgment, which: 1) attempted to explain Royalty's failure to respond to Hill's motion to have the requests deemed admitted, and 2) requested that Royalty's attached answers to Hill's request for admissions be entered as a general denial of the deemed admissions.

At the August 29 summary judgment hearing, Hill's counsel told the court that Bryant was not an attorney. Bryant confirmed that fact. When the court told Bryant that he could not represent Royalty, Bryant asked for time to obtain counsel. The court denied Bryant's request and entered summary judgment based upon the deemed admissions.

■ Hill makes a strong argument regarding the first issue framed by Royalty in which Hill contends that Royalty has waived that issue pursuant to Ind.Appellate Rule 8.3(A)(7). Hill correctly points out that, instead of directly addressing the court's denial of Bryant's request for a continuance, Royalty spends the majority of its argument pursuing the theory that the trial court erred by granting a *default* judgment against Royalty. While we agree that Royalty's argument is not well tailored to the issue as framed, we hold that Royalty has sufficiently articulated an argument that we may address on its merits.

Initially, we must correct Royalty's misapprehension that the judgment against it was a default judgment. Trial Rule 55 provides, in relevant part:

"(A) When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted.

(B) In all cases the party entitled to a judgment by default shall apply to the court therefor[.] ... If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required."

Royalty very well might have been vulnerable to the entry of a default judgment in this case because it failed to comply with I.C. § 34-1-60-1, which requires corporations to be represented by an attorney in all cases except certain small claims actions. *Christian Phone Book v. Jewish Community Relations Council* (1991), Ind.App., 576 N.E.2d 1276, 1276–1277. Royalty therefore failed to appear in the cause, to file an answer, or to take any other legally cognizable actions to defend itself. However, the court clearly acted pursuant to Hill's motion for summary judgment and entered judgment only after Hill had met its burden of demonstrating that there was no genuine issue of material fact for trial. T.R. 56; *Norman v. Turkey*

*Run Community School Corp.* (1980), 274 Ind. 310, 312, 411 N.E.2d 614, 615.

We now turn to the propriety of the trial court's denial of Bryant's request for a continuance. The decision to grant or deny a continuance is within the sound discretion of the trial court, and we will not reverse that decision unless the court has abused its discretion. *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, 1108, *trans denied.* A court abuses its discretion when it reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290.

Here, Royalty had every opportunity to obtain counsel and properly appear in the case, but instead, acting through its agent, Bryant, it chose to proceed without counsel. Royalty did not take adequate steps to inform itself of the statutory procedural necessities of presenting its defense until the day of the summary judgment hearing. Then, it attempted, through Bryant, to rely on its ignorance of I.C. § 34–1–60–1. Pro se litigants are bound by the rules of procedure to the same extent that they would have been bound if represented by counsel. *Creedon v. Asher Truck & Trailer, Inc.* (1989), Ind.App., 535 N.E.2d 148, 149. Thus, just as it would have been within the court's discretion to disregard counsel's request for a continuance based upon counsel's failure to discover procedural prerequisites, the court acted within its discretion in discounting Bryant's plea of ignorance.

Royalty's reliance on *Christian Phone Book* is misplaced. In *Christian Phone Book,* we held that dismissal of an action for the failure of a plaintiff corporation to appear by attorney was improper where the corporation was represented by an attorney at the time of the hearing on the defendant's motion to dismiss. In reaching that conclusion, we reasoned that dismissal is a disfavored remedy and should not be used where less drastic sanctions will suffice. 576 N.E.2d at 1277. Here, the court did not dismiss the case or otherwise sanction Royalty for its failure to appear by counsel; rather, it ruled on the merits of the case. While Royalty was at an apparent disadvantage due to its failure to procure counsel, such was the risk taken by Royalty when its agent, Bryant, chose to attempt to represent the corporation.

Royalty next contends that the trial court erred by not allowing Royalty to amend its failure to respond to the request for admissions. We disagree.

Trial Rule 36 governs requests for admissions. Subsection (A) of that rule provides, in relevant part:

"Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within a period designated in the request, not less than thirty [30] days after service thereof* or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

(emphasis added.) Subsection (B) provides, in relevant part:

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

Our supreme court has addressed the issue of when matters which have been deemed admitted by operation of T.R. 36(A) may be withdrawn or amended under T.R. 36(B). *General Motors Corp. v. Aetna Casualty & Surety Co.* (1991), Ind., 573 N.E.2d 885. The court stated that the policy behind T.R. 36(B) is "to avoid the binding effect of inadvertent admissions," but also noted that, unless the party procuring an admission can depend on its binding effect, that party cannot avoid the expenses associated with preparing to prove the matters admitted, and the purpose of the rule is defeated. *Id.* The court then stated:

"Thus the rule itself limits the discretion of a trial court in ruling on a motion to withdraw admissions under T.R. 36(B). The court cannot grant such motion unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. Even if both of these conditions are satisfied, the rule does not compel the trial court to grant withdrawal or amendment. Rather, the rule states that the court 'may' then grant such request."

*Id.* The court went on to find that the defendant had not demonstrated how the presentation of the merits would be subserved by withdrawal where the defendant took no action to amend or withdraw the deemed admissions until the date of a scheduled summary judgment hearing and where the defendant's motion to withdraw did not indicate that its failure to timely respond was inadvertent, that it continued to actively contest the issues involved, or that its opponent was aware that it intended to contest the admitted issues at trial. *Id.*

Royalty relies on Judge Staton's opinion in *Gary Municipal Airport Authority v. Peters* (1990), Ind.App., 550 N.E.2d 828 for the proposition that a movant meets its burden of showing that withdrawal or amendment will subserve the presentation of the merits simply by demonstrating that the admissions go to core issues. *Id.* at 832. Judge Staton's view, however, was not shared by the other two judges on the panel. *See* 550 N.E.2d at 836

(Hoffman, J. concurring in result)[1]; 550 N.E.2d at 838 (Baker, J. dissenting).[2] Furthermore, in *General Motors Corp.*, the supreme court pointed out the movant's recalcitrance in responding to the request for admissions in support of its affirmance of the trial court's denial of the motion to withdraw or amend admissions. Thus, we are not persuaded by Royalty's reliance on *Peters.*

Applying *General Motors Corp.* to this case, we hold that Royalty failed to demonstrate how allowing the withdrawal or amendment of its admissions would subserve the presentation of the merits of its case. In the only document that could possibly be construed as a request to withdraw or amend the deemed admissions, the untitled document filed July 1, Bryant did not indicate either that its failure to respond to Hill's request for admissions was inadvertent or how Royalty planned to contest the issues in question.[3] Therefore, the court here, like the trial court in *General Motors Corp.*, acted within its discretion in treating the matters covered by Hill's request for admissions as admitted.

Because the deemed admissions tracked Hill's complaint and therefore disposed of every issue of material fact, the court properly granted summary judgment, and we affirm.

AFFIRMED.

NAJAM and RUCKER, JJ., concur.

---

**1.** In his concurrence, Judge Hoffman stated:

"In ruling on a motion to withdraw and/or amend admissions, the court should consider whether key controverted issues have been admitted by operation of law. Equally important is a consideration of whether the moving party has abused the discovery process by its failure to respond to a request for admissions. Abuse may be manifested in the party's inordinate delay in responding without seeking extensions from the trial court, or in the party's apparent bad faith in refusing to respond."

**2.** Judge Baker noted in his dissent that the moving party did not present the trial court with

any suggestion that it had a meritorious defense; rather, it simply asserted that it would be prejudiced if the court denied its motion to withdraw or amend. Judge Baker found that the movant had failed to meet its burden under T.R. 36(B).

**3.** The unverified document filed by Bryant simply alleged that, upon receiving a copy of Hill's "Motion to Deem Requests denied," on June 19, Royalty had attempted to answer the request for admissions but did not properly file its answers. However, the matters were already deemed admitted by operation of T.R. 36(A) because Hill had served the requests for admissions on Bryant on May 8.