John BRYANT, Jr., Individually and on behalf of others similarly situated, Appellant–Plaintiff,

v.

The COUNTY COUNCIL OF LAKE COUNTY, Indiana; John Aquilera, Frances Dupey, Morris Carter, and Troy Montgomery, as Members of the Lake County Council; Hickory Hills Development Company, L.L.C.; USA Waste Services–Hickory Hills, Inc., Appellees–Defendants.

No. 45A03–9812–CV–503.

Court of Appeals of Indiana.

Nov. 17, 1999.

Rehearing Denied Jan. 12, 2000.

David M. Austgen, Adam D. Decker, Austgen, Reed & Decker Crown Point, Indiana, Attorneys for Appellant.

Ray L. Szarmach, Hammond, Indiana, Gerald M. Bishop, Merrillville, Indiana, Steven D. Hardin, McHale, Cook & Welch, Indianapolis, Indiana, James L. Wieser, Randy H. Wyllie, Wieser & Sterba, Schererville, Indiana, Attorneys for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellants–Plaintiffs John Bryant, Jr., individually and on the behalf of others similarly situated (referred to herein as "Remonstrators"), appeal the trial court's grant of summary judgment in favor of Appellees–Defendants County Council of Lake County, Indiana; John Aquilera, Frances Dupey, Morris Carter, and Troy Montgomery, as Members of the Lake County Council (collectively referred to herein as "County Council"); and, Hickory Hills Development Co., L.L.C., USA Waste Services–Hickory Hills, Inc. (collectively referred to herein as "Developer") on Bryant's petition for the judicial review of the County Council's enactment of an ordinance which approved Developer's application to rezone a certain parcel of real estate in order to establish a landfill. We affirm.

### Issues

Bryant raises two issues which we restate as follows:

I. Whether the trial court erred by determining that the County Council had the authority to approve Developer's zoning application which included an amendment which had not been presented during the earlier proceedings before the Plan Commission to the effect that the County would receive an eight cents

(8¢) per ton tipping fee from the operation of the landfill.

II. Whether the trial court erred by determining that the County Council paid reasonable regard to the five statutory criteria prescribed by IND.CODE § 36–7–4–603 in approving the rezoning application.

## Facts/Procedural History

The designated evidence is virtually undisputed. In 1993, the Board of the Lake County Solid Waste Management District ("District") recognized the need for a new solid waste landfill. (R. 834, 966). In early 1994, the District issued a request for proposals for the development of a new landfill. (R. 834). Developer responded by proposing to develop and operate a landfill on its property. (R. 834). The District determined that Developer's proposed site for the landfill was the most suitable site available in the county. (R. 835). In 1995, after negotiations and a public hearing, the contract for the new landfill was awarded to Developer. (R. 835, 965). Among other things, the contract provided that Developer was to obtain all necessary permits and approvals to construct the new landfill. (R. 835).

In 1996, Developer filed an application for the rezoning required to operate the proposed landfill on its property. (R. 834). In August of 1996, the Lake County Plan Commission ("Plan Commission") held a hearing on Developer's application. (R. 1028). Developer presented evidence in support of its application and Remonstrators presented evidence against it. (R. 1029). At the conclusion of the hearing, the Plan Commission voted to certify the proposed rezoning application to the County Council with an unfavorable recommendation. (R. 1029).

In September of 1996, the County Council held a public meeting to consider Developer's rezoning application. (R. 510–11). Developer and the Remonstrators were each afforded one and one-half hours to present their cases. (R. 510). In the minutes taken of the hearing, the County Council noted in its "Review of Procedure" section that: "[u]nder current case law, the Council may adopt the proposal with conditions and stipulations. (See *Brown v. Lake County Council*)." (R. 510).[1] During the hearing, the Developer's attorney argued as follows:

As you'll recall, when [County Council's attorney] was reading off your options, he said that you were free to reject the proposal, you were free to adopt the proposal, or you could place conditions upon it. The ... law of rezoning in the state of Indiana provides for written commitments. And what we have attached here is a written commitment that has been repeatedly requested and discussed for a long time with members of the Solid Waste District, and in particular with ... a member of your Board who has insisted throughout that ... the disposition of fees was not fair ... to the citizens in the unincorporated area. To try and address and remedy that issue, we have set forth a commitment ... which addresses that issue and creates an additional fund of money that doesn't change anything.... It simply creates an additional amount of money that would be placed in a special account with the County that would be distributed and budgeted and appropriated by the fiscal body of this county for legitimate needs of this county and the unincorporated area.

(R. 179–80). After the presentation of evidence, the County Council passed a motion to amend the proposed rezoning ordinance

---

1. From an examination of the record and the arguments made by the parties, it is clear that the case referred to above is *Brown v. Lowell Mining Co., Inc.*, 636 N.E.2d 154, 156–57 (Ind.Ct.App.1994) which held that the Lake County Council could appropriately attach a series of regulations to the grant of rezoning in order to protect the public health, safety, comfort, and general welfare consistent with the mandate imposed by IND.CODE § 36–7–4–601(c)(3).

"to include an 8[¢]² tipping fee generated from waste." (R. 511). At the close of the hearing, the County Council voted to grant Developer's rezoning petition and enacted the proposed zoning ordinance. (R. 511).

In November of 1996, the Developer and the County entered into a written "Commitment Concerning the Use or Development of Real Estate Made in Connection with Grant of Rezoning." (R. 702–03). The Commitment provided that the Developer would "deposit . . . an amount equal to Eight Cents (8¢) for each ton of waste which originates outside of Lake County. . . ." (R. 702).

On December 2, 1996, Remonstrators initiated the present litigation challenging the County Council's enactment of the rezoning ordinance. (R. 1460–66). Developer intervened. (R. 1405). On November 5, 1997, Developers served Remonstrators with Requests for Admissions which included a request that Remonstrators admit that:

> the County Council has the authority to require the special commitment made by [Developer] concerning the use and development of its real estate.

(R. 222). The Request for Admissions also requested Remonstrators to admit that the County Council paid reasonable regard to each of the five statutory criteria required to approve a rezoning application. (R. 219–21).

Remonstrator's response was originally due on December 8, 1997. (R. 217). Developer agreed to a thirty day extension of time to January 7, 1998, on the condition that the extension would be the only extension sought. (R. 217). Remonstrator failed to respond to the requests for admissions in a timely manner and submitted their response on January 15, 1998, one day before the expiration of the then existing discovery deadline (cut-off) date. (R.

218, 226). Remonstrator filed a motion to withdraw the admissions established by its untimely response by operation of Ind. Trial Rule 36(A). (R. 236–39).

Remonstrators and Developers filed cross-motions for summary judgment. (R. 269, 335). The trial court denied Remonstrator's motion and granted Developer's motion. (R. 18–32). In conjunction with its order on the cross-motions for summary judgment, the trial court denied Remonstrator's request to withdraw the admissions. (R. 32). This appeal ensued.

## Discussion and Decision

### A. Overview—Landfill Litigation

We note that there has been a great deal of litigation over the location of landfills in Indiana in recent years. *See e.g.* Ailes, Thaddeus R., *Not in My Backyard: A Critique of Current Indiana Law on Land Use Moratoria*, 72 IND. L.J. 809 (1997). In fact, the present dispute has generated two earlier published opinions from this court. *See Lake County Plan Com'n v. County Council of Lake County*, 706 N.E.2d 601 (Ind.Ct.App.1999), *trans. pending; Hickory Hills Development Co., L.L.C. v. Coffman*, 699 N.E.2d 1214 (Ind. Ct.App.1998), *trans. denied.*

### B. County's Authority to Enact A Rezoning Ordinance

■ The statutory provisions regulating municipal zoning ordinances and the procedures prescribed for amending those ordinances (rezoning) are found at IND.CODE § 36–7–4–600 through 699, known as the "600 SERIES—ZONING ORDINANCE." IND.CODE § 36–7–4–600. Rezoning is a legislative process. *Rush v. Elkhart County Plan Com'n*, 698 N.E.2d 1211, 1218 (Ind.Ct.App.1998), *trans. denied.* Where a rezoning proposal has received an unfavorable recommendation from the

---

2. The minutes of the meeting read "to include an 8% tipping fee" rather than an 8¢ tipping fee. However, there has been no dispute that the written "Commitment" as set out herein memorialized the intended amendment to the

proposed zoning ordinance passed and enacted during the County Council meeting. (R. 702). Therefore, we are satisfied that the reference to "8%" in the minutes was merely a misstatement or scrivener's error.

Plan Commission, as in the present case, IND.CODE § 36–7–4–608(g) provides:

> ADVISORY–AREA. This subsection applies if the proposal receives either an unfavorable recommendation or no recommendation from the plan commission:
>
> (1) At the first regular meeting of the legislative body after the proposal is certified ... (or at any subsequent meeting within ninety (90) day period), the legislative body may adopt or reject the proposal. . . .
>
> (2) If the legislative body adopts (as certified) the proposal, it takes effect as other ordinances of the legislative body.
>
> (3) If the legislative body rejects the proposal, it is defeated.
>
> (4) If the legislative body fails to act on the proposal within ninety (90) days after certification, it is defeated.

Indiana Code § 36–7–4–603 provides:

> In preparing and considering proposals [regarding rezoning], the plan commission and the legislative body shall pay reasonable regard to:
>
> (1) The comprehensive plan;
>
> (2) Current conditions and the character of current structures and uses in each district;
>
> (3) The most desirable use for which the land in each district is adapted;
>
> (4) The conservation of property values throughout the jurisdiction; and
>
> (5) Responsible development and growth.

### C. Judicial Review of a County's Enactment of a Rezoning Ordinance

▉ The determination regarding whether to rezone a particular piece of property is a matter left to the sound discretion of the local legislative body. *Town of Schererville v. Vavrus*, 180 Ind. App. 500, 389 N.E.2d 346, 351 (1979). The Plan Commission's role in the rezoning process is merely advisory as the county's legislative body (in the present case, the County Council) has the ultimate authority to enact or reject the proposed ordinance. *Rush*, 698 N.E.2d at 1218. The courts may not inquire into the motives of the members of a local legislative body when acting in its legislative capacity. *Town of Schererville*, 389 N.E.2d at 351. The courts may reverse the county's decision regarding rezoning only if it is arbitrary or capricious; that is, the county has taken willful and unreasonable action without consideration and in disregard of the facts or circumstances of the case. *Id.* We will not intervene in the local legislative process as long as it is supported by some rational basis. *Id.* at 351–52.

### D. Parties' Contentions

As set out in the **Issues** section, Remonstrators claim (1) that the County Council lacked the authority to enact the ordinance in question with the addition of the 8¢ a ton tipping fee amendment; and (2) that the County Council did not pay reasonable regard to the five statutory factors prescribed by IND.CODE § 36–7–4–603 in approving the rezoning application. While Developer addresses these matters on the merits, it further contends that these matters were conclusively established in its favor by operation of T.R. 36(A) due to Remonstrators' failure to timely respond to its Request for Admissions. Nowhere in either its Appellants' brief or its Reply brief do Remonstrators address the matter of the trial court's denial of their request for the withdrawal of the matters established by operation of T.R. 36.

### E. Standard of Review— Summary Judgment

As stated in *Barnes, as Mayor of the City of Gary v. Antich*, 700 N.E.2d 262, 264–65 (Ind.Ct.App.1998), *trans. denied:*

> In reviewing a motion for summary judgment, this court applies the same standard as the trial court. We must determine whether there is a genuine issue of material fact and whether the

law has been correctly applied by the trial court. Summary judgment is appropriate only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Neither the trial court, nor the reviewing court, may look beyond the evidence specifically designated to the trial court. Once the movant for summary judgment has established that no genuine issue of material fact exists by submission of materials contemplated by T.R. 56, the nonmovant may not rest on his pleadings but must set forth specific facts, using supporting materials contemplated under the rule, which show the existence of a genuine issue for trial. A trial court's grant of summary judgment is 'clothed with a presumption of validity,' and the appellant bears the burden of demonstrating that the trial court erred.

### F. Admissions Conclusively Established by Operation of Ind. Trial Rule 36(A)

▬▬ Under Ind. Trial Rule 36, a request for admissions may be directed toward an opinion, a contention, or a legal conclusion if the request is related to the facts of the case. *General Motors Corp. v. Aetna Cas. & Sur. Co.*, 573 N.E.2d 885, 888 (Ind.1991); *Corby v. Swank*, 670 N.E.2d 1322, 1325 (Ind.Ct.App.1996). Moreover, 'the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and *conclusively established by operation of law.*' *Corby*, 670 N.E.2d at 1324 (quoting *Henrichs v. Pivarnik*, 588 N.E.2d 537, 543 (Ind.Ct.App.1992); emphasis added in *Corby* ). Once such an admission is obtained, the need to prove that matter is eliminated. *Id.*

### G. Standard of Review—Denial of Motion for the Withdrawal of Admissions Established by Operation of T.R. 36

▬▬ When a motion seeking the withdrawal of admissions has been made,

the trial court must consider 1) whether the presentation of the merits will be subserved by permitting withdrawal, and 2) whether the party who obtained the admission will be prejudiced by withdrawal. *General Motors*, 573 N.E.2d at 888–89; *Corby*, 670 N.E.2d at 1326. Moreover, the party moving for the withdrawal of admissions established by operation of T.R. 36 does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. *Royalty Vans Inc. v. Hill Bros. Plumbing and Heating, Inc.*, 605 N.E.2d 1217, 1221 (Ind.Ct.App.1993). Even if both conditions have been satisfied, the trial court is not compelled to grant withdrawal of the admissions, but may, in the exercise of its discretion, deny the request for withdrawal. *General Motors*, 573 N.E.2d at 889–90; *Corby*, 670 N.E.2d at 1326–27.

### H. Entitlement to Summary Judgment Based on Matters Deemed Admitted by Operation of T.R. 36

▬▬ Admission by operation of T.R. 36 of all facts material to a cause of action by the failure of the admitting party to timely answer requests for admissions leaves nothing more to litigate and will entitle the party who requested the admissions to summary judgment. *General Motors*, 573 N.E.2d at 889–90; *Royalty Vans*, 605 N.E.2d at 1221; *Henrichs*, 588 N.E.2d at 543.

### I. Analysis

▬▬ As noted above, the Requests for Admissions submitted by Developer included a request that Remonstrators admit that:

the County Council has the authority to require the special commitment made by [Developer] concerning the use and development of its real estate.

(R. 222). Additionally, the Request for Admissions requested that Remonstrators admit that the County Council paid rea-

sonable regard to each of the five statutory criteria required to approve a rezoning application. (R. 219–21). As Remonstrators failed to respond in a timely manner to these Requests for Admissions, these issues have been conclusively established in Developer's favor by operation of T.R. 36. *See Corby,* 670 N.E.2d at 1324.

██ Also, as noted above, Remonstrators did not address the trial court's denial of their request to withdraw the matters established by operation of T.R. 36. Accordingly, any argument Remonstrators might have made that the trial court abused its discretion by denying their request for the withdrawal of the admissions has been waived. *See Corby,* 670 N.E.2d at 1327 n. 6 (holding that when a party makes no effort to discuss an issue in its appellate brief, any argument which could have been made has been waived).

Thus, the issues that Developer has raised in this appeal, which are dispositive of this litigation, have been conclusively established by operation of T.R. 36. Accordingly, there remain no genuine issues of material fact to be litigated and Developer has demonstrated its entitlement to judgment as a matter of law. *General Motors,* 573 N.E.2d at 889–90; *Royalty Vans,* 605 N.E.2d at 1221; *Henrichs,* 588 N.E.2d at 543. Therefore, the trial court correctly entered summary judgment in favor of the Developer and we find no error. *See id.*
Affirmed.

HOFFMAN, Sr.J., concurs.

GARRARD, J., concurs with separate opinion

GARRARD, Judge, concurring

I am constrained by the court's decision in *General Motors Corp. v. Aetna Cas. & Sur. Co.,* 573 N.E.2d 885 (Ind.1991) (Givan & DeBruler, JJ. dissenting) to concur.