## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 10 2019, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANTS | ATTORNEY FOR APPELLEE |
| --- | --- |
| C. Gregory Fifer | John A. Kraft |
| Applegate Fifer Pulliam LLC | Young, Lind, Endres & Kraft |
| Jeffersonville, Indiana | New Albany, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Town of Clarksville, Aaron Stonecipher, Paul Fetter, Jennifer Voignier, and John Gilkey, | May 10, 2019 |
| *Appellants-Defendants,* | Court of Appeals Case No. 18A-PL-2857 |
| v. | Appeal from the Clark Circuit Court |
| Plum Creek Crossing Apartments, LLC, | The Honorable J. Terrence Cody, Special Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 10C02-1705-PL-45 |

**Friedlander, Senior Judge.**

## Statement of the Case

Appellants Town of Clarksville, Indiana, and four members of the Town's Council (collectively, "the Town") appeal the trial court's grant of partial summary judgment to Plum Creek Crossing Apartments, LLC ("Plum Creek"), in a zoning dispute. We reverse and remand.

## Issue

The Town raises two issues, which we consolidate and restate as: whether the trial court erred in granting partial summary judgment to Plum Creek.

## Facts and Procedural History

Plum Creek contracted to purchase a 3.14-acre parcel of vacant land on Clarksville's north side. The property is surrounded by a mix of business and residential zones. Plum Creek intended to build an apartment complex, but in order to do so, it needed to have the Town rezone the property from B1 (commercial) to R3 (residential).[1]

On December 20, 2016, Plum Creek filed with the Town an application to rezone the land. Plum Creek asserted it was requesting a "downzone" to a "less intense use which should have a positive impact" on neighboring property values. Appellants' App. Vol. II, p. 34.

---

[1] Plum Creek initially sought to have the property rezoned as a planned unit development but later chose to instead request rezoning the property from B1 to R3.

Plum Creek also sought a variance from setback requirements for the proposed apartment buildings. Specifically, Plum Creek requested a ten-foot rear yard setback rather than the standard twenty-foot setback required in an R3 zone. On January 25, 2017, the Town's Board of Zoning Appeals determined that the variance, if approved, should not substantially affect "the use and value" of adjacent properties and would not pose a threat to "the public health, safety, morals, and general welfare of the community." *Id.* at 50. The Board concluded that approval of the variance would be granted if the Town also granted Plum Creek's petition to rezone the property.

Meanwhile, the Town's Planning Department hired Kovert Hawkins Architects to assess whether Plum Creek's proposed apartment complex would complement surrounding neighborhoods and comply with the Town's zoning ordinance. The architects noted that Plum Creek's property was located between commercially zoned property and residentially zoned single-family property. They concluded the proposed apartment complex was a "transition" between the two zoning classifications, and a multi-family development would "make sense" in that context. *Id.* at 71.

Katherine Groskreutz, who worked for the Town's Planning Department, issued a report on the property in preparation for a February 1, 2017 meeting of the Town's Plan Commission ("the Commission"). She noted Clarksville is surrounded by other municipalities, and, as a result, the town could grow only through redevelopment, or "infill," of existing properties rather than addition of new territory. *Id.* at 56. Groskreutz further stated Plum Creek's proposed

apartment complex was "in conformance with most of the relevant objectives and policies of the [Town's] Comprehensive Plan," including "focusing development on infill and housing diversity." *Id.* at 59. In her opinion, the complex would be "a good design and land use buffer" between neighboring single-family homes and commercial properties. *Id.* at 57. The report further noted that Clarksville's current rental units are concentrated in the center of town, and some "appear to be nearing the end of their life cycle and will soon become obsolete." *Id.* Plum Creek's proposed apartment complex would "be new and in an area other than the center of Clarksville." *Id.*

[8] The Commission considered Plum Creek's rezoning application at a February 1, 2017 meeting. Plum Creek's attorney distributed "statutory considerations" and discussed them with the Commission's members. Appellants' App. Vol. III, pp. 55-56. The Commission members raised questions about traffic, the amount of vacant rental property in town, and the building materials that would be used, among other topics. In addition, six members of the community asked questions and raised concerns about the appearance of the proposed complex and traffic. One commenter asked that the rezoning request be denied. At the end of the meeting, the Commission tabled Plum Creek's application for consideration at another meeting.

[9] On February 27, 2017, a traffic engineer released a study indicating that the proposed apartment complex would generate less traffic than a retail development on the same site.

[10] The Commission considered Plum Creek's application again at a March 1, 2017 hearing. The Commission's staff indicated Plum Creek had addressed concerns about building materials. In addition, four citizens provided public comments. Two of the citizens indicated they would prefer to see owned properties rather than rented apartments. The Commission voted to approve Plum Creek's application by a vote of four to one and forwarded the application to the Town Council with a favorable recommendation.

[11] Meanwhile, Plum Creek had hired Integra Realty Resources ("IRR") to perform an apartment market analysis for the proposed apartment complex. In a March 7, 2017 letter to Plum Creek's architect, which was in turn presented to the Town Council, IRR stated the complex was unlikely to negatively affect the property values of neighboring properties.

[12] The Town Council met on March 7, 2017, and considered Plum Creek's rezoning application, presented as a draft ordinance. Appellant Stonecipher asked Clarksville's Planning Director, Sharon Wilson, to address his concerns about the project. Director Wilson stated there would be no negative impact to neighboring property values, there would be no increases in stormwater runoff, there would be less traffic than for a retail commercial use, and there would be more green space than was required by the zoning ordinance.

[13] Four members of the public commented on the rezoning request, with three of them opposing the proposed ordinance. By contrast, representatives of Plum

Creek and IRR spoke in favor of rezoning. The Town Council decided to table the application and hold additional meetings.

[14] The Town held a second meeting on March 11, 2017. Plum Creek's representatives spoke in favor of rezoning. Four members of the public, representing homeowners' associations for communities near the proposed complex, expressed opposition to the project. They complained of increased traffic and harm to property values. Groskreutz stated the staff recommended approving the rezoning application because the project "met or exceeded" all requirements. Appellants' App. Vol. II, p. 94. The Town scheduled another meeting to vote on the proposal.

[15] The Town Council met on March 21, 2017, to consider Plum Creek's rezoning application for a third time. Five citizens spoke in opposition to the application, and Plum Creek's representatives spoke in favor of it. Prior to a vote, the Town's attorney read to the Council Indiana Code section 36-7-4-603 "as the statutory factors for the Council to consider with due regard."[2] Appellants' App. Vol. III, p. 97. The Council denied the rezoning ordinance by a vote of three to four.

[16] The current court case began on May 1, 2017, when Plum Creek filed a civil complaint against the Town and the four members of the Town Council who

---

[2] The meeting minutes state that the attorney read the text of "Indiana Code 36-7-4-6.03," Appellants' App. Vol. III, p. 97, but there is no such statute in the Indiana Code.

voted to deny rezoning. Plum Creek later amended the complaint, alleging the Town's decision to deny rezoning was "arbitrary, capricious, unreasonable, illegal, and an abuse of discretion . . . ." *Id*. at 135. In its request for relief, Plum Creek requested a writ of mandate to grant the rezoning petition, declaratory judgment, and monetary damages, to be paid by the four town council members.

[17] The parties filed cross-motions for partial summary judgment. Plum Creek asked the trial court to issue findings of fact and conclusions thereon. The trial court held a hearing, and the parties submitted proposed findings and conclusions.

[18] On November 7, 2018, the trial court issued findings of fact and conclusions thereon granting partial summary judgment in favor of Plum Creek. The court determined, "[t]he denial of the rezoning application was arbitrary, capricious, illegal, and in disregard of all of the facts and circumstances." Appellants' App. Vol. II, p. 18. As a result, the court ordered the Town "to rezone the real estate [at issue] . . . and otherwise permit and approve [Plum Creek's] project." *Id.* Finally, the court noted that other issues remained to be resolved, but "there is no just reason for delay in the entry of this judgment" and directed the trial court clerk to enter judgment. *Id.* at 18-19. This appeal followed.

# Discussion and Decision

[19] The Town asks this Court to reverse the trial court's grant of partial summary judgment, claiming "the trial court erroneously substituted its judgment for that

of the legislative body." Appellants' Br. p. 13. Orders on summary judgment are reviewed de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000 (Ind. 2014). "The judgment sought shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). If the movant demonstrates the absence of an issue of material fact and entitlement to judgment as a matter of law, then the nonmoving party has the burden to demonstrate that there is a genuine issue of material fact. *Hughley*, 15 N.E.3d 1000. All reasonable inferences will be construed in favor of the nonmoving party. *AM General LLC v. Armour*, 46 N.E.3d 436 (Ind. 2015).

[20] A grant of summary judgment is presumed valid, and the appellant must persuade us that error occurred. *Cracker Barrel Old Country Store, Inc. v. Town of Plainfield ex rel. Plainfield Plan Comm'n*, 848 N.E.2d 285 (Ind. Ct. App. 2006), *trans. denied*. We may affirm a grant of summary judgment on any grounds supported by the designated materials. *Fifty Six LLC v. Metro. Dev. Comm'n of Marion Cty.*, 38 N.E.3d 726 (Ind. Ct. App. 2015), *trans. denied*. In the context of summary judgment, we are not bound by the trial court's findings of fact and conclusions thereon, but they aid our review by providing us with a statement of reasons for the trial court's judgment. *Memory Gardens Mgmt. Corp. v. Liberty Equity Partners, LLC*, 43 N.E.3d 609 (Ind. Ct. App. 2015), *trans. denied*.

[21] The standards governing rezoning decisions are also relevant to our review. In general, whether to rezone a particular piece of property is a matter left to the

sound discretion of the local legislative body. *Bryant v. Cty. Council of Lake Cty.*, 720 N.E.2d 1 (Ind. Ct. App. 1999), *trans. denied*. A court may reverse a rezoning decision only if it is arbitrary or capricious, that is, the legislative body has taken willful and unreasonable action without consideration and in disregard of the facts or circumstances of the case. *Id.* A court should not intervene in a local zoning decision as long as the decision is supported by a rational basis. *Id.*

[22] A plan commission's role in the rezoning process is merely advisory because the local legislative body has the ultimate authority to accept or reject a proposed rezoning ordinance. *Id.* A court may not inquire into the motives of the members of a local legislative body when the body acts in its legislative capacity. *Id*. Finally, a local legislative body is not required to make findings of fact to support the exercise of legislative discretion. *Bd. of Comm'rs of Vanderburgh Cty. v. Three I Props.*, 787 N.E.2d 967 (Ind. Ct. App. 2003).

[23] In the current case, the parties dispute whether the Town denied Plum Creek's rezoning petition willfully and unreasonably, in disregard of the facts and circumstances. When a legislative body considers a zoning proposal:

> the legislative body shall pay reasonable regard to:
>
> (1) the comprehensive plan;
>
> (2) current conditions and the character of current structures and uses in each district;

(3) the most desirable use for which the land in each district is adapted;

(4) the conservation of property values throughout the jurisdiction; and

(5) responsible development and growth.

Ind. Code § 36-7-4-603 (1986).

[24] The phrase "reasonable regard" is not defined by statute. In *Borsuk v. Town of St. John*, 820 N.E.2d 118, 122 (Ind. 2005), the Indiana Supreme Court explained that Indiana Code section 36-7-4-603 requires local legislative bodies to "consider all factors and make a balanced determination." In that case, a landowner sued a town after the town rejected his request to rezone his residential property as commercial. Borsuk claimed the town arbitrarily and capriciously disregarded its own comprehensive plan for municipal development, because the plan indicated that his property should be rezoned as commercial at some point in the future.

[25] The Indiana Supreme Court reviewed the evidence presented at public meetings on the petition. Members of the town council expressed concern about traffic congestion caused by the project and possible harm to the property values of neighboring residences. The Court concluded that the town considered all the statutory factors, and the town's decision had a rational basis despite apparently contravening the town's comprehensive plan.

[26]     Next, in *City of Madison v. Demaree*, 77 N.E.3d 1219 (Ind. Ct. App. 2017), a city denied Demaree's request to rezone his property from residential to commercial. Demaree went to court, and the trial court ordered the city to grant the rezoning request. On appeal, a panel of this Court determined that the city council had received evidence about neighboring property values, the best use of the property, traffic issues, drainage, and privacy issues. During public hearings, residents expressed concern about the value of their properties and traffic issues. The Court determined that the city had "received information about, heard comment on, and weighed and discussed all of the factors required to be considered by Indiana Code section 36-7-4-603." *Id.* at 1223. As a result, the city's decision had a rational basis, and the trial court erred in ordering the city to grant the requested rezoning.

[27]     In this case, the Town's Plan Commission held two public hearings on Plum Creek's rezoning petition, and the Town's Council held three public hearings. The Town's attorney advised the Council that it must consider the factors set forth in Indiana Code section 36-7-4-603. The Plan Commission and the Council received and reviewed reports from the Town's Planning Department staff, Kovert Hawkins Architects, and IRR regarding the Town's comprehensive plan, the conditions of properties in the area and their property values, the highest and best use of Plum Creek's property, and whether the development would enhance responsible development and growth. During public meetings, citizens and Plum Creek's representatives discussed potential traffic issues and property values. In addition, members of the Plan

Commission raised questions about traffic, the amount of vacant rental property in town, and building materials that would be used, among other topics. Finally, members of the Town Council asked staff to provide additional information on these topics during one of the public meetings.

[28] Viewing the facts in the light most favorable to the nonmovant, and following the holdings in *Borsuk* and *Demaree*, there is a dispute of material fact as to whether the Town paid "reasonable regard" to the factors set forth in Indiana Code section 36-7-4-603. As a result, we cannot yet conclude whether the Town acted arbitrarily and capriciously in denying Plum Creek's rezoning request. The trial court erred in granting partial summary judgment to Plum Creek, and we must reverse and remand.[3]

[29] Plum Creek argues the Town ignored the factors set forth in Indiana Code section 36-7-4-603. Plum Creek further argues the Town arbitrarily ignored the expert opinions of the Town's planning staff, the architects, and IRR regarding traffic congestion and property values, choosing to instead give weight to the opinions of non-experts who lived in neighboring properties. We have determined that there are disputes of material fact as to whether the Town gave reasonable regard to the statutory factors, and that determination is dispositive of this appeal. The merits of the parties' claims must be resolved on remand.

---

[3] The Town also claims that the trial court erred in discounting the affidavits submitted by Town Council members on summary judgment. We do not need to address this issue because the information discussed at the public meetings is sufficient to establish disputes of material fact.

# Conclusion

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

Mathias, J., and Altice, J., concur.